**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00523-NYW-NRN

CATHERINE SPOON, on behalf of herself and all others similarly situated,

               Plaintiff,

v.

ANGI INC., a Delaware corporation,

               Defendant.

---

**DEFENDANT ANGI INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Defendant Angi Inc. respectfully moves this Court for an order dismissing Plaintiff Catherine Spoon's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**MEMORANDUM OF LAW**

I.      **<u>INTRODUCTION</u>**

Plaintiff Catherine Spoon's ("Plaintiff") Complaint must be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) because it fails to plausibly allege elements of a Telephone Consumer Protection Act ("TCPA") Do-Not-Call ("DNC") provision claim.

First, Plaintiff does not allege that she is a residential telephone subscriber, which is a threshold requirement. Allegations that Plaintiff received calls or a text message on a cellular phone, without more, are insufficient to satisfy this statutory prerequisite.

Second, Plaintiff fails to allege receipt of a "telephone solicitation."  The statute only applies to telephone calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. *See Coffey v. Fast Easy Offer LLC*, No. CV-24-02725-PHX-SPL, 2025 WL 1591302, at \*3 (D. Ariz. June 5, 2025) (to be actionable, messages must "encourage the solicited party's purchase or rental of, or investment in, property, goods, or services"). It does not apply to text messages. *See Davis v. CVS Pharmacy, Inc.*, No. 4:24-CV-477-AW-MAF, 2025 WL 2491195, at \*1 (N.D. Fla. Aug. 26, 2025) ("The statutory text here is clear, and a text message is not a 'telephone call.'… Certainly, no ordinary person would think of a text message as a 'telephone call.'"); *Stockdale v. Skymount Prop. Grp., LLC*, et al., No. 1:25 CV 1282, 2026 WL 591842, at \*2 (N.D. Ohio March 3, 2026) (saying that "this Court joins several others in holding that the term 'telephone call' as used in Section 227(c)(5) of the TCPA does not encompass 'text messages.'").[1]

Even if the DNC rules did apply to text messages, however, the lone text message at issue did not seek to induce Plaintiff to purchase any goods or services. So, it cannot be a solicitation. *See Friedman v. Torchmark Corp.*, 2013 WL 4102201, at \*6 (S.D. Cal. Aug. 13, 2013) (holding that the messages were not telephone solicitations because they

---

[1] *See also Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at \*2 (M.D. Fla. Oct. 24, 2025) (holding that "the statutory text here is clear, and a text message is not a 'telephone call'" (citing Davis, 2025 WL 2491195 at \*1); *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899 (C.D. Ill. 2025) (holding that the court "agrees with the Defendant that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages."); *Richards v. Shein Distribution Corp.*, No. 1:25-cv-01385-JMS-TAB, 2026 WL 847584 at \*5 (S.D. Ind. Mar. 26, 2026) (granting Defendant's motion to dismiss for failure to state a claim "because the Court conclude[s] that "telephone call" under § 227(c)(5) of the TCPA does not include text messages."); *James v. Smarter Contact, Inc. et. al.*, No. 8:25-CV-1657-KKM-SPF, 2026 WL 879244 at \*5 (M.D. Fla. Mar. 31, 2026) (same); *WARREN RICHARDS on behalf of himself & others similarly situated, Plaintiff, v. FASHION NOVA, LLC*, Defendant., No. 1:25-CV-01145-TWP-MKK, 2026 WL 847568, at \*5 (S.D. Ind. Mar. 26, 2026) (same).

were "not intended to encourage Plaintiff to engage in future commercial transactions with Defendant to purchase or invest in property, goods, or services.").

Plaintiff offers only conclusory assertions, without any supporting factual allegations, as to the purpose of the telephone calls she allegedly received. So, solicitations have not been adequately alleged.

Thus, as Plaintiff has failed to allege receipt of "more than one" telephone solicitation within a twelve-month period, her claim must be dismissed. *See* 47 U.S.C. 227(c).

## II.    **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges she received "a series of calls" and a single text message from Angi between November 2025 and December 2025. Plaintiff's Complaint ("Compl.") at ¶¶ 16-17. Without providing further factual allegations regarding the calls, Plaintiff then states that "[t]he calls were placed by Angi for purposes of soliciting Spoon to purchase a membership to Angi's network and other related services." Compl., at ¶ 16.

The single text message read: "Hey, this is Derick with Angi. I'm trying to reach out to Castillo Custom Homes. I saw your work and made a note to follow up with you. I'm sure you guys are busy. Are you able to add a few projects to your schedule? I have some projects in Dallas that may be of interest to you. If you're up for it, I'd like to start sending some of these homeowners your way. Let me know when you're available or call me at 260-286-2241. Thank you! Derick at Angi." *Id*. at ¶ 17.

Additionally, Plaintiff allegedly received the calls and messages on her cell phone but does not allege any facts showing that the cell phone was used for residential purposes. *See id.,* at ¶¶ 9, 16.

3

III.    **LEGAL STANDARD**

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted). Additionally, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

IV.    **ARGUMENT—PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(b)(6)**

A.    **Plaintiff Fails to Allege She is a Residential Telephone Subscriber.**

47 C.F.R. § 64.1200(c) provides, in relevant part "[n]o person or entity shall initiate any telephone solicitation" to "[a] *residential telephone subscriber* who has registered his or her telephone number on the national do-not-call registry..." (emphasis added). Hence, the residential usage of the telephone number called is a critical element of a DNC claim. *See Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020) ("To succeed on a claim alleging violations of the relevant regulations, a plaintiff

4

must [allege] ... that she was a 'residential telephone subscriber'"); *Perrong v. Victory Phones LLC*, 519 F. Supp. 3d 193, 197 (E.D. Pa. 2021) ("whether [Plaintiff] has a residential…line or otherwise is dispositive to whether his claim can survive a motion to dismiss").

Indeed, courts dismiss TCPA claims when a plaintiff fails to allege that a cell phone was used for residential purposes. *See, e.g., Cunningham v. Rapid Cap. Funding, LLC/RCF,* No. 3:16-CV-02629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), *1251 report and recommendation adopted sub nom. *Cunningham v. Rapid Cap. Funding, LLC,* No. 3:16-CV-02629, 2017 WL 3776165 (M.D. Tenn. Aug. 31, 2017) (dismissing the plaintiff's claim under 47 C.F.R. § 64.1200 because he "ha[d] not alleged facts showing his cell phones are used for residential purposes"); *Lee v. Loandepot.com, LLC*, No. 14-CV-01084-EFM, 2016 WL 4382786, at *6 (D. Kan. Aug. 17, 2016) (granting summary judgment against the plaintiff for failing to introduce evidence that his cell phone number was used for residential purposes).

*Cunningham* is on point. In *Cunningham,* the plaintiff alleged violations of the TCPA's DNC provisions for calls made to his cell phone. *Cunningham*, 2017 WL 3776165, at *3. However, the court notes that "[w]hile this Court has suggested that calls to a cell phone may be construed as calls to a residential telephone, ***the plaintiff must plead facts*** showing the cell phone is used for residential purposes." *Id.* (emphasis added). The plaintiff failed to allege facts "showing his cell phones [were] used for residential purposes" and therefore, the court dismissed his claims under Section 227(c). *Id.*

Here, similar to *Cunningham,* Plaintiff alleges receipt of calls and a single text message to her cell phone. *See* Compl.*,* at ¶¶ 9, 16. However, Plaintiff fails to allege any

5

*facts* demonstrating that her cell phone was used for residential purposes. On this basis alone, Plaintiff's Section 227(c) claim should be dismissed. *See Cunningham*, 2017 WL 3776165, at *3.

### B.    Plaintiff Fails to Allege Receipt of a "Telephone Solicitation."

Pursuant to Section 227(c) of the TCPA's implementing regulation, "[n]o person or entity shall initiate any ***telephone solicitation*** to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry ...." 47 C.F.R. § 64.1200(c)(2) (emphasis added).

"Telephone solicitation" is specifically defined as a call made "for the purpose of encouraging the purchase ... of ... goods, or services, which is transmitted to any person ...." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). To state a claim under Section 227(c)(5), therefore, Plaintiff has an affirmative obligation to state facts plausibly demonstrating a telephone solicitation was made. *See also Perrong v. Bradford*, No. 2:23-CV-00510-JDW, 2023 WL 6119281, at *4 (E.D. Pa. Sept. 18, 2023) ("To violate [47 C.F.R. § 64.1200(c)(2)], a call must be a 'telephone solicitation' or for 'telemarketing purposes,' which the regulations define as 'for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]'"). Plaintiff has failed to do so both for her purported calls and the text message she received.

Courts have consistently dismissed TCPA claims where a plaintiff has failed to provide sufficient factual allegations surrounding the content of calls to establish that they were telephone solicitations. In *Greene*, the Court dismissed the plaintiff's claim under Section 227(c) because the plaintiff failed to "allege[] the content of … calls that would allow the Court to reasonably infer that these … calls were solicitations." *Greene v. Select*

6

*Funding, LLC*, No. 2:20-CV-07333-RGK-KS, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021). Similarly, in *Gulden*, the Court noted that conclusory statements without factual enhancement, such as merely asserting that calls were made to solicit products and services, are inadequate to state a claim under the TCPA. *See Gulden v. Consol. World Travel Inc.*, No. CV-16-01113-PHX-DJH, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) ("Plaintiff must adequately allege that the calls received were unsolicited advertisements as that term is defined in the TCPA. Plaintiff does not describe the calls, but simply states that the calls were made 'for the purpose of soliciting for [Defendant's] products or services.'") (internal citations omitted). Accordingly, the court in *Gulden* dismissed the plaintiff's TCPA claim because the plaintiff failed to provide sufficient factual details about the calls' content to establish that they were prohibited solicitations. *Id*.

*Greene* and *Gulden* are directly applicable here. Here too, the allegations of the Complaint are not sufficient to demonstrate that the at issue calls were telephone solicitations. In fact, Plaintiff provides no factual allegations about the content of the alleged calls to establish that they were prohibited solicitations. Plaintiff makes no effort to describe any of these calls and only states that "[t]he calls were placed by Angi for purposes of soliciting Spoon to purchase a membership to Angi's network and other related services." Compl. at ¶ 16. But the Plaintiff's "characterization of a call as a 'solicitation' does not make it so." *Andersen v. Nexa Mortg.*, LLC, No. 8:24-CV-00619-DOC-ADSX, 2024 WL 3762098, at *3 (C.D. Cal. Aug. 12, 2024).[2]

---

[2] *See also Eggleston v. Reward Zone USA LLC*, No. 2:20-CV-01027-SVW-KS, 2022 WL 886094, at *6 (C.D. Cal. Jan. 28, 2022), aff'd sub nom. *Trim v. Reward Zone USA LLC*, 76 F.4th 1157 (9th Cir. 2023), and aff'd sub nom. *Trim v. Reward Zone USA LLC*, No. 22-55517, 2023 WL 5043724 (9th Cir. Aug. 8, 2023) ("Even if not 'parroting' the statute, a claim that relies on mere 'labels and conclusions' is still insufficient; the allegations must include enough factual detail to raise a plausible claim to relief.").

*Friedman* is instructive. In *Friedman*, the plaintiff alleged that the defendant sent telephone solicitations for purposes of encouraging the plaintiff to purchase goods or services offered by defendant while the plaintiff was on the DNC. *Friedman*, 2013 WL 4102201, at *1. The challenged message, however, did not promote the sale of any goods or services to the plaintiff. Instead, it invited the plaintiff to participate in a "recruiting webinar," where he could learn about the defendant's offerings for the purpose of selling them to others. *Id.* Relying on *Lutz Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180 (E.D. Pa. 1994), the court held that an offer of employment is not "material advertising the commercial availability…of any property, goods or services" within the meaning of the TCPA. *Id*., at *5. Because the message was not an effort to sell something to the plaintiff, but rather an opportunity for the plaintiff to earn money, the court found that 47 U.S.C. § 227(c) did not apply. *Id*.

Similarly, in *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12–cv–1459–Orl– 36KRS, 2013 WL 6865772, at *10 (M.D. Fla. Dec. 31, 2013), the court granted defendants' motion to dismiss in part. The defendants in *Murphy* had sent plaintiff text messages encouraging him to donate blood in exchange for a fee so that the defendants could use the donated blood to provide blood products. *Id*. at *1–3. The court addressed whether the text messages were "telephone solicitations" under the TCPA. The court concluded, relying on *Friedman*, that the text messages were not intended to encourage plaintiff to purchase, rent, or invest in any products or services. *Id*.  Accordingly, the messages did not meet the definition of "telephone solicitation". *Id.*

Additionally, in *Reardon v. Uber Technologies, Inc.,* No.: 14–cv–05678–JST, 115 F.Supp.3d 1090 (N.D. Cal. July 19, 2018), Uber was texting potential drivers who had

partially completed the application to become an Uber driver.  *Reardon*, 115 F.Supp.3d at 1094. Defendant Uber argued these messages could not constitute telemarketing "because the texts did not promote its provision of property, goods, or services." *Id.* The plaintiff, on the other hand, argued that the messages did constitute telemarketing because they were sent "for the purpose of promoting [Uber's] product, good, or service". *Id.* at 1095. But the court found that texts in question "were sent to recruit drivers, ***not to promote the commercial availability of Uber's transportation services, even if Uber's ability to successfully recruit drivers is related to its commercial interest in providing more rides to its customers***." *Id.* at 1096 (emphasis added). As such, this distinction led the court to find that the texts were *not* "telemarketing" or "advertisements". *Id.,* at 1097.

So it is here. The text message at issue, by its plain terms, is not an effort to encourage the purchase or rental of, or investment in, any goods or services. Instead, it offers Plaintiff an opportunity to receive potential projects: "Are you able to add a few projects to your schedule? I have some projects in Dallas that may be of interest to you. If you're up for it, I'd like to start sending some of these homeowners your way." Compl., at ¶ 17. This is not a sales pitch—it is a business opportunity. Like the communication in *Friedman*, it seeks to connect Plaintiff with potential customers, not to induce Plaintiff to buy anything. *See Friedman*, 2013 WL 4102201, at *6. Notably, the message contains no invitation—explicit or implicit—to purchase any product or service.

Plaintiff may attempt to argue that the message qualifies as a telephone solicitation because it ultimately serves Defendant's economic interests. But *Reardon* forecloses that theory. As *Reardon* makes clear, a communication does not become telemarketing merely

because it is economically beneficial to the sender. *See Reardon*, 115 F.Supp.3d at 1094. The dispositive question is whether the message "encourage[es] the purchase or rental of, or investment in, property, goods, or services…" 47 C.F.R. § 64.1200(f)(15). Here, it does not. The text contains no pricing, no description of services for sale, and no call to purchase anything. *See* Compl., at ¶ 17. Like the messages in both *Friedman* and *Reardon*, it seeks to engage Plaintiff as a participant in the business—not as a customer. Accordingly, it falls outside the statutory definition of a "telephone solicitation." *See Friedman*, 2013 WL 4102201, at *6; *Reardon*, 115 F.Supp.3d at 1096-7.

Because Plaintiff fails to allege the receipt of a communication that qualifies as a telephone solicitation under the TCPA, the Complaint fails as a matter of law and should be dismissed.

C.      **Plaintiff Fails to Plausibly Allege That She Received More than One "Telephone Solicitation"**.

47 U.S.C. § 227(c)(5) provides a private right of action only for individuals who receive "***more than one*** telephone call within any 12-month period by or on behalf of the same entity" in violation of the regulations prescribed under this subsection (emphasis added). Therefore, in order to state a claim under Section 227(c), a plaintiff must allege receipt of more than one telephone call. *See Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, at *9 (M.D. Fla. Dec. 31, 2013) (holding that plaintiff failed to allege more than one call within a 12-month period from the same entity).

Courts consistently dismiss TCPA claims where a plaintiff alleges receipt of multiple calls but fails to plead sufficient facts showing that more than one of those calls constituted a telephone solicitation. *See Sterling v. Securus Techs.*, Inc., 2019 WL

10

3387043, at *6 (D. Conn. July 26, 2019) (dismissing TCPA claim for not alleging multiple calls within a 12-month period and that "parroting the statutory allegations necessary to support a TCPA claim while not providing sufficient evidence showing multiple calls being made" is not sufficient to support a TCPA claim).[3]

In *Weingrad v. Top Healthcare Options Insurance Agency Co.*, 2024 WL 4228149, at *3-4 (E.D. Pa. Sept. 17, 2024), the court dismissed a TCPA claim where the plaintiff only answered one call and failed to provide details about the content of the other calls. *Weingrad*, 2024 WL 4228149, *3-4. The court emphasized that unanswered or missed calls, without more, do not satisfy the statutory requirement of demonstrating receipt of more than one telephone solicitation. *Weingrad,* 2024 WL 4228149, *3-4. As such, the court granted the defendant's motion to dismiss since plaintiff failed to sufficiently allege he received more than one telephone solicitation. *Id*. *See also, e.g., Gillam v. Reliance First Capital, LLC*, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) (dismissing the plaintiff's TCPA claim because he alleged having only engaged with the defendant on one occasion and failed to provide any factual support regarding the other calls).

The same result is warranted here. Plaintiff alleges that she received a series of calls from a 214-833-1153 number in December 2025 and a single text message on November 25, 2025. Compl. at ¶¶ 16-17. Although Plaintiff fails to provide any facts regarding the content of the calls, she alleges in a conclusory manner that the calls were intended to solicit her to purchase a membership to Angi's network. *Id*. However, the Complaint does not specify whether she answered any of these alleged calls or provide

---

[3] *See also Greene v. Select Funding, LLC*, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) (holding that more than one call encouraging the purchase or rental or investment in goods or services is needed to trigger a violation).

any supporting factual allegations to establish that they were, in fact, telephone solicitations. In fact, the only detailed allegation pertains to the single text message allegedly received on November 25, 2025, which was made to provide customers and work opportunities to Castillo Custom Homes and not to solicit a purchase. *See Friedman*, 2013 WL 4102201, at *6. Even assuming the single text message qualifies as a telephone solicitation (it does not), a single text message does not fulfill the requirement of receiving "***more than one*** telephone call within any 12-month period." 47 U.S.C. § 227(c)(5) (emphasis added); *see also Etzel v. Hooters of Am., LLC*, 223 F. Supp. 3d 1306, 1312 (N.D. Ga. 2016) (holding that harm suffered from a single text or call does not warrant a cause of action under 47 U.S.C. § 227(c)). Therefore, Plaintiff fails to demonstrate receipt of more than one telephone solicitation within a 12-month period. *See Weingrad*, 2024 WL 4228149, at *3-4; *Gillam*, 2023 WL 2163775, at *3.

D.    **Text Messages Do Not Constitute "Telephone Calls" Under the TCPA's DNC Provisions.**

Even if the text message at issue was sent for a marketing purpose— although no allegations establishes that it was—the TCPA's DNC provisions do not apply to SMS messages. *See Davis*, 2025 WL 2491195, at *1[4]; *Stockdale*, 2026 WL 591842, at *2; *Sayed*, 2025 WL 2997759, at *2; *Jones*, 792 F. Supp. 3d at 899; *Richards*, 2026 WL 847584, at *5; *James*, 2026 WL 879244, at *5.

47 U.S.C. § 227(c)(5) expressly creates a private right of action for "[a] person who has received *more than one telephone call*." 47 U.S.C. § 227(c)(5) (emphasis added). The statute does not mention text messages. *Id*. While courts have historically

---

[4] *See also Stockdale*, 2026 WL 591842, at *2;  *Sayed*, 2025 WL 2997759, at *2; *Jones*, 792 F. Supp. 3d at 899; *Richards*, 2026 WL 847584, at *5; *James*, 2026 WL 879244, at *5.

been required to rely on Federal Communications Commission ("FCC") interpretations and attempts to expand the TCPA, the Supreme Court's recent decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) requires courts to interpret the TCPA as Congress intended. *McLaughlin*, 606 U.S. at 156. As such, this Court is no longer bound by agency deference and must "independently determine for itself whether the agency's interpretation of a statute is correct" using "ordinary principles of statutory interpretation." *Id*. Thus, "[c]ourts must interpret every statute 'in accord with the ordinary public meaning of its terms at the time of its enactment.'" *Davis*, 797 F. Supp. 3d at 1272 (quoting *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 654 (2020)).

In light of this reality, numerous courts have concluded the TCPA's DNC provisions simply do not apply to SMS messages. *See Davis*, 2025 WL 2491195, at *1[5]. As *Davis* aptly put it:

> No normal person refers to a text message, or thinks of a text message, as a "call." No ordinary user of the English language would write the sentence "John called Sue" intending to mean "John sent a text message to Sue," nor would any ordinary reader interpret the sentence in that manner. Certainly, no ordinary person would think of a text message as a "telephone call." This conclusion—supported by the ordinary public meaning at the time of the provision's enactment—is enough to end this case.

*Davis*, 797 F. Supp. 3d at 1273 (citation modified). No further analysis is needed.

While other courts have noted the FCC has expanded the definition of "telephone solicitation" to include SMS messages[6],the FCC cannot expand the statute beyond its statutory moorings. *See Talk Am., Inc. v. Mich. Bell Tel. Co.*, 564 U.S. 50, 69 (2011)

---

[5] *See also Stockdale*, 2026 WL 591842, at *2; *Sayed*, 2025 WL 2997759, at *2; *Jones*, 792 F. Supp; *Richards*, 2026 WL 847584, at *5; *James*, 2026 WL 879244, at *5. 3d at 899.
[6] *See, e,g., Wilson v. Skopos Fin., LLC,* No. 6:25-CV-00376-MC, 2025 WL 2029274 (D. Or. July 21, 2025) (stating "the FCC has expanded the TCPA to apply to text messages").

(Scalia, J., concurring) (noting that the FCC "has repeatedly been rebuked in its attempts to expand the statute beyond its text"). This Court should not follow those decisions that expand the statute beyond its plain language based upon later FCC action. *See Davis*, 2025 WL 2491195, at *1.[7]

It is true that some courts have broadly defined the term "call" to include any communication by telephone. *See Alvarez v. Fiesta Nissan, Inc.,* No. 7:25-CV-00343, 2026 WL 202930, at *5 (S.D. Tex. Jan. 26, 2026) (finding the 1990 definition of "call" was broad: "to get or try to get into communication by telephone."). Yet the better definition of the term "call" looks to an effort to communicate using one's voice. *See Stockdale*, 2026 WL 591842, at *3 n.5 ("In 1991, the definition of telephone was limited to voice capabilities."). This definition is superior because this is how the statute would have been understood by Congress at the time the Act was passed—SMS messages did not exist at that time. *Compare* 47 U.S.C. § 227 (TCPA originally enacted on December 20, 1991), *with First SMS Text Message Is Sent, History* (Oct. 4, 2022), https://www.history.com/this-day-in-history/December-3/first-sms-text-message-sent ("On December 3, 1992, the first SMS text message in history is sent….").

Amendments to the TCPA further support the conclusion that text messages are not "calls" under Section 227(c). Congress amended 47 U.S.C. § 227(e) of the TCPA, which requires the usage of caller identification, from "a call made using a telecommunications service or IP-enabled voice service" to "a call made using a voice service or a ***text message*** using a ***text messaging service***." 47 U.S.C. § 227(e) (emphasis added). The fact that Congress amended one provision of the TCPA to include

---

[7] *See also Stockdale*, 2026 WL 591842, at *2; *Sayed*, 2025 WL 2997759, at *2; *Jones*, 792 F. Supp. 3d at 899; *Richards*, 2026 WL 847584, at *5; *James*, 2026 WL 879244, at *5; *Richards*, 2026 WL 847568, at *5.

14

text messages but did not similarly amend Section 227(c) demonstrates that Congress views a text message as a distinct form of communication to a "call". *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.") (quoting *Kucana v. Holder*, 558 U.S. 233, 249 (2010)). The inference to be drawn is that Congress knows how to add SMS messages to a statute when it desires to do so. *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 859 (11th Cir. 2000) ("[W]hen Congress uses different language in similar sections, it intends different meanings.").

At bottom, the plain language of 227(c) does not include SMS messages. As such, the claim must fail as to any SMS message at issue. *See Davis*, 2025 WL 2491195, at *1.[8]

## V.    **CONCLUSION**

For the foregoing reasons, Angi respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: April 6, 2026                              **TROUTMAN AMIN, LLP**

By: */s/ Brittany Andres*
Eric J. Troutman
Puja Amin
Brittany A. Andres
400 Spectrum Center Drive, Suite 1550
Irvine, California 92618
Telephone: (949) 350-3663

---

[8] *See also Stockdale*, 2026 WL 591842, at *2; *Sayed*, 2025 WL 2997759, at *2; *Jones*, 792 F. Supp. 3d at 899; *Richards*, 2026 WL 847584, at *5; *James*, 2026 WL 879244, at *5. *Richards*, 2026 WL 847568, at *5.

Facsimile: (949) 203-8689
E-mail: troutman@troutmanamin.com
E-mail: amin@troutmanamin.com
E-mail: brittany@troutmanamin.com

*Counsel for Defendant Angi, Inc.*

## CERTIFICATIONS

In accordance with the District of Colorado Local Civil Rule 7.1, I hereby certify that on April 6, 2026, I conferred with opposing counsel in good faith to resolve this matter. Opposing counsel indicated that Plaintiff opposes this Motion.

In accordance with the District of Colorado Local Civil Rule 17, I hereby certify that certify that this memorandum contains 4,408 words, in compliance with the Local Civil Rules.

In accordance with The Honorable Nina Y. Wang's Standing Order, I hereby certify that generative artificial intelligence was not used to draft this filing.

*/s/ Brittany A. Andres*
Brittany A. Andres

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Brittany A. Andres*

Brittany A. Andres