IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-00523-NYW-NRN

CATHERINE SPOON, on behalf of herself and all others similarly situated,

          Plaintiff,

v.

ANGI INC., a Delaware corporation,

          Defendant.

---

**DEFENDANT ANGI INC.'S MOTION TO STAY DISCOVERY**

---

Defendant Angi Inc. ("Angi") respectfully moves this Court for an Order staying discovery pending the Court's ruling on Angi's Motion to Dismiss and Motion to Strike Class Allegations (the "Pending Motions") pursuant to Federal Rule of Civil Procedure 26(c).

As set forth below, Angi submits that this Court should stay discovery in this proceeding because resolution of the Pending Motions will dispose of or substantially narrow the scope of claims in this action.

1

## MEMORANDUM OF LAW

I.     <u>INTRODUCTION</u>

Plaintiff Catherine Spoon's ("Plaintiff") Complaint cannot survive the pleading stage because it fails to allege facts sufficient to state a viable claim under the Telephone Consumer Protection Act's ("TCPA") do-not-call ("DNC") provisions and the class claims lack merit. More specifically, Plaintiff fails to allege that she is a residential telephone subscriber, fails to allege receipt of a "telephone solicitation", and fails to allege receipt of "more than one" telephone solicitation. Additionally, Plaintiff's claim is based primarily on the alleged receipt of text messages, and text messages are not covered under the TCPA's DNC provisions. *See Stockdale v. Skymount Property Group, LLC*, No. 1:25 CV 1282, 2026 WL 591842, at \*1 (N.D. Ohio Mar. 3, 2026). Moreover, Angi has filed a Motion to Strike Class Allegations, which demonstrates that Plaintiff's proposed class definitions are facially overbroad and cannot be certified as a matter of law.

In circumstances such as these, a Court has discretion—and should exercise its discretion—to stay discovery. Neither Angi nor this Court should incur needless costs litigating this case unless, and until, Plaintiff can state facts worthy of redress.

In short, the Court should stay discovery in this proceeding because resolution of the Pending Motions will dispose of or substantially narrow the scope of claims in this action. Good cause exists to stay discovery given that (i) Plaintiff will suffer no harm or prejudice from a stay pending the outcome of Defendant's motions, and (ii) Defendant would, on the other hand, face significant hardship in incurring potentially needless time, expense, and effort in discovery that may very well prove moot or unnecessary pending the Court's rulings. Plaintiff has no urgent need for discovery while Defendant's motions

remain pending; this case is at a nascent stage where no answer has been filed, and no discovery has been taken or exchanged.

To protect the parties from incurring the significant burden and expense of discovery in a potentially moot action, Angi respectfully requests this Court to stay all discovery in this action, including pretrial deadlines, pending the Court's disposition of the Pending Motions.

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 26(c) allows a district court to stay discovery, providing that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "specifying terms, including time …, for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(B) (alterations added).

The discretion to issue such a stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *McGinn v. El Paso County, Colorado.*, 640 F. Supp. 3d 1070, 1074 (D. Colo. Nov. 14, 2022) citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Rigler v. Lampert*, 2016 WL 10576626, at *2 (D. Wyo. Apr. 5, 2016) ("In the Tenth Circuit, courts are given broad discretion regarding the boundaries of discovery that 'may be properly exercised to stay discovery pending a decision on a dispositive motion.'") (quoting *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010)). And when considering whether to issue a stay, courts consider the following factors:

> (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the

defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). *See also Gurrola v. Jefferson Cnty. Sheriff's Office*, 2021 WL 765363, at *2 (D. Colo. Feb. 25, 2021) ("In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action[.]") (citing *United Steelworkers of Am. v. Oregon v. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)) (alteration added).

III.   **ARGUMENT - A LIMITED STAY OF DISCOVERY IS WARRANTED UNTIL THE PENDING MOTIONS ARE RESOLVED**

A.   **This Court Should Stay Discovery Until the Pending Motions Are Resolved Because the Pending Motions May Dispose of the Case.**

Pursuant to Rule 26, a court may stay discovery for "good cause." And while it is true that the pendency of a dispositive motion is generally not a sufficient reason to stay discovery, a Court may nevertheless stay discovery until the Court rules on a dispositive motion "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Landrith v. Kansas Attorney General*, No. 12-2161, 2012 WL 12827604, at *1 (D. Kan. June 18, 2012) (internal citation omitted); *Young v. Colorado Dep't of Corr.*, No. 1:23-cv-01688, 2024 WL 4581162, at *3 (D. Colo. Oct. 25, 2024) ("Staying discovery pending a ruling on a motion to dismiss is generally disfavored in this District, but 'good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party.'") (internal citations omitted).

Here, Angi has filed two motions that are potentially dispositive of the entire case. First, Angi has filed a Motion to Dismiss the Complaint under Rule 12(b)(6) that may dispose of all claims against Angi. Plaintiff's claims are premised on the alleged receipt of text messages. Yet, text messages are not actionable under 47 U.S.C. § 227(c) of the TCPA. Therefore, Plaintiff's Complaint should be dismissed in its entirety. *See Jones v. Blackstone Med. Servs., LLC,* 792 F. Supp. 3d 894, 901 (C.D. Ill. 2025) (dismissing a DNC claim against the defendant, finding that text messages are not covered by the TCPA); *Davis v. CVS Pharmacy, Inc.,* 797 F. Supp. 3d 1270, 1275 (N.D. Fla. 2025) (same); *Sayed v. Naturopathica Holistic Health, Inc.,* No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (same); *Stockdale*, 2026 WL 591842, at *1 (same); *Richards v. Shein Distribution Corp.*, No. 1:25-cv-01385-JMS-TAB, 2026 WL 847584 at *5 (S.D. Ind. Mar. 26, 2026) (granting Defendant's motion to dismiss for failure to state a claim "because the Court conclude[s] that "telephone call" under § 227(c)(5) of the TCPA does not include text messages."); *James v. Smarter Contact, Inc. et. al.*, No. 8:25-CV-1657-KKM-SPF, 2026 WL 879244 at *5 (M.D. Fla. Mar. 31, 2026) (same); *WARREN RICHARDS on behalf of himself & others similarly situated, Plaintiff, v. FASHION NOVA, LLC, Defendant.*, No. 1:25-CV-01145-TWP-MKK, 2026 WL 847568, at *5 (S.D. Ind. Mar. 26, 2026) (same). Moreover, Plaintiff fails to allege that she is a residential telephone subscriber, fails to allege receipt of a "telephone solicitation", and fails to allege receipt of "more than one" telephone solicitation within a twelve-month period. The resolution of this motion thus may entirely dispose of Plaintiff's claims.

Second, Angi has filed a Motion to Strike Class Allegations that may dispose of all claims by the putative class members against Angi. Plaintiff's proposed classes are

facially uncertifiable and cannot meet the requirements under Rule 23 of the Federal Rules of Civil Procedure. As discussed in Defendant's Motion to Strike Class Allegations, Plaintiff's proposed DNC class must be stricken because it is defined based upon the merits of class members claims (since it only includes individuals who did not provide consent). Additionally, the DNC class definition must be stricken because it is overly broad and lacks commonality since it (i) it is not limited to residential telephone subscribers, and (ii) is not limited to individuals who personally placed their number on the DNC Registry. Similarly, the Caller ID class definition must be stricken because it is not limited to residential subscribers. Additionally, the Caller ID class definition is based upon the merits of class members' claims instead of objective criteria because only those who received "telemarketing" calls and messages would be part of the class. In sum, the proposed classes are facially uncertifiable in a manner that discovery cannot resolve, and therefore Plaintiff's class allegations should be stricken as a matter of law. *See, e.g., Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008).

> **B.      A Limited Stay of Discovery Is Reasonable and Appropriate Because Commencement of Discovery Would Significantly Burden the Parties and the Court.**

A stay is also warranted "where the facts sought through uncompleted discovery would not affect the resolution of the motion[] or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Landrith*, 2012 WL 12827604, at *1 (alteration added). That is plainly the case here.

Angi should not be subjected to the burden of producing discovery in this action while meritorious challenges to the sufficiency of Plaintiff's Complaint are outstanding. Since the Pending Motions will be determined based on the sufficiency of the pleadings and the class definitions alone, such discovery would not aid in their resolution. And the

burden on Angi if the case proceeds needlessly is undoubtedly large. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). That burden is only compounded in TCPA class actions, where the plaintiff may demand burdensome and expensive discovery regarding every text message and call a defendant made during the class period. Because of this burden, the Court should stay discovery until it is determined which claims and parties are properly before the Court.

It certainly does not make any sense for the parties to engage in time-consuming and expensive discovery, when a ruling on Angi's Pending Motions could render those efforts futile. Courts have agreed with this reasoning, finding a stay to be appropriate in similar circumstances. Indeed, the Southern District of Florida has explained that "[w]hen faced with legitimate challenges to the legal theory upon which a broad class action complaint rests, a temporary stay of discovery is the proper course until such challenges are resolved." *Leace v. Gen. Motors LLC*, 2021 WL 2827759, at *2 (S.D. Fla. July 8, 2021) (staying discovery pending a motion to dismiss in a putative class action and citing Eleventh Circuit precedent); *Landrith*, 2012 WL 12827604, at *2 ("When faced with a broad complaint and multiple challenges to the legal sufficiency of such complaint, the Court may properly stay discovery and other proceedings contemplated by Fed. R. Civ. P. 26 pending resolution of the legal challenges to the complaint.").

Absent a stay of discovery pending the outcome of these motions, Angi will be forced to expend considerable resources responding to Plaintiff's discovery requests.

These expenses will have been incurred for naught if—or rather, when—Angi's Pending Motions are granted. Indeed, the Eleventh Circuit has counseled that "this is precisely when a stay of discovery is warranted." *Borislow v. Canaccord Genuity Grp. Inc.*, No. 14-80134-CIV, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (referencing Eleventh Circuit precedent). To allow discovery to go forward only for Angi's Pending Motions to be granted in whole or in part would waste the time and resources of both parties and this Court.

> C.      **Granting a Limited Stay in Discovery Will Not Prejudice Plaintiff or the Putative Class.**

In evaluating a motion to stay, a court considers a plaintiff's interests in proceeding expeditiously and the potential prejudice to the plaintiff of a delay. *See Advanced Exterior, Inc. v. Liberty Mut. Grp., Inc.*, 568 F. Supp. 3d 1144, 1146 (D. Colo. 2021) ("In determining whether a stay is appropriate, the court considers the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay").

Here, a limited stay of discovery will not prejudice Plaintiff or the putative class. This case remains in its earliest stages: Defendant has not yet filed an answer, no scheduling order has been entered, and the parties have not commenced or exchanged any discovery. Under these circumstances, there is no risk that a brief pause in discovery will disrupt ongoing litigation efforts or cause the loss of evidence, witness availability, or other time-sensitive concerns. *See Race v. Bradford Cnty., Fla.*, No. 3:18-CV-153-J-39PDB, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019) (holding that a stay is warranted since plaintiffs did not show any destruction or staleness concerns that would arise during a stay of discovery and further that a stay is warranted when a motion to

8

dismiss is in front of the court because "if the motion is granted, it will dispose of the case and make unnecessary the discovery the plaintiffs intend to seek. If the motion is denied, any stay will have been brief."). Nor has Plaintiff identified any immediate need for discovery that would justify proceeding while dispositive motions remain pending. *See Roybal v. United States*, No. CV 13-610 KG/GBW, 2014 WL 12617288, at *2 (D.N.M. Apr. 9, 2014) (holding that "a stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resource.") (citing *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005)).

To the contrary, allowing discovery to proceed at this juncture would likely impose unnecessary burdens on both the parties and the Court. Defendant's Pending Motions may significantly narrow—or altogether resolve—the claims at issue. Requiring the parties to engage in discovery before those threshold issues are decided risks subjecting them to costly and potentially wasteful efforts on matters that may ultimately prove irrelevant.

Given the circumstances, Angi's request for a stay of discovery is reasonable and appropriate, and granting this request will not prejudice the Plaintiff or the putative class. On the contrary, proceeding with discovery of issues that may be irrelevant depending on the Court's resolution of Angi's Pending Motions would work to the detriment of both parties.

## IV.   **CONCLUSION**

For the foregoing reasons, Angi respectfully requests this Court to stay discovery pending the resolution of its Pending Motions.

Dated: April 6, 2026

TROUTMAN AMIN, LLP

By: */s/ Brittany Andres*

Eric J. Troutman
Puja Amin
Brittany A. Andres
400 Spectrum Center Drive, Suite 1550
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (949) 203-8689
E-mail: troutman@troutmanamin.com
E-mail: amin@troutmanamin.com
E-mail: brittany@troutmanamin.com

*Counsel for Defendant Angi Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Brittany A. Andres*

Brittany A. Andres

## <u>CERTIFICATIONS</u>

In accordance with the District of Colorado Local Civil Rule 7.1, I hereby certify that on April 6, 2026, I conferred with opposing counsel in good faith to resolve this matter. Opposing counsel indicated that Plaintiff opposes this Motion.

In accordance with the District of Colorado Local Civil Rule 17, I hereby certify that certify that this memorandum contains 2,442 words, in compliance with the Local Civil Rules.

In accordance with The Honorable Nina Y. Wang's Standing Order, I hereby certify that generative artificial intelligence was not used to draft this filing.

*/s/ Brittany A. Andres*

Brittany A. Andres