# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-00523-NYW-NRN

CATHERINE SPOON, on behalf of herself and all others similarly situated,

Plaintiff,

v.

ANGI, INC., a Delaware corporation,

Defendant.

---

**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

---

1.      Plaintiff Catherine Spoon ("Plaintiff" or "Spoon") brings this First Amended Class Action Complaint against Defendant Angi, Inc. ("Defendant" or "Angi") to: (1) stop Defendant's practice of placing telephone solicitation calls (including text messages) to the cellular telephones of consumers who have placed their numbers on the National Do Not Call Registry without first securing the consumer's prior express invitation or permission, and to stop Defendant's practice of failing to transmit the required Caller ID information when placing such solicitation calls; (2) enjoin Defendant from continuing to place such solicitation calls to consumers who did not provide their prior express invitation or permission to receive them, and from continuing to place solicitation calls without transmitting the required Caller ID information, and (3) obtain redress for all persons injured by Defendant's conduct. Plaintiff seeks an award of statutory damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") for herself and for the members of the alleged Class, plus court costs and reasonable attorneys' fees.

1

2.      Plaintiff, for her First Amended Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

3.      Plaintiff Spoon is a natural person over the age of eighteen (18) and citizen of the State of Texas. Spoon resides in Dallas, Texas.

4.      Defendant is Delaware corporation with its principal place of business located in Denver, Colorado. Defendant conducts business throughout this District, the State of Colorado, and the United States.

## JURISDICTION & VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, which is a federal statute.

6.      This Court has personal jurisdiction over Defendant because it solicits significant business in this District, is headquartered in this District, and a significant portion of the unlawful conduct alleged in this Complaint emanated from this District.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and conducts a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

## ALLEGATIONS OF FACT

8.      Angi (which was formerly known as Angie's List) is a digital platform which purports to connect consumers with service professionals for home improvement, repair, and

other such services.

9.      Since on or around October 8, 2025, Plaintiff has been the subscriber and sole customary user of a personal cellular telephone number ending in 4254.

10.     Plaintiff uses this number exclusively for personal, non-business purposes.

11.     It is her residential phone number. The number is registered in her name and the service plan for the number is billed to her home address.

12.     The number was not issued by her employer, is not in her employer's name, and is not used for business purposes.

13.     Shortly after acquiring the number, Plaintiff went to add her number to the National Do Not Call Registry and discovered that her number is listed on the National Do Not Call Registry and has been since 2004.

14.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

15.     The National Do Not Call ("DNC") Registry allows consumers to register their residential telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16.     A listing on the DNC "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

17.     As part of its business practice, Defendant places solicitation calls and sends text message solicitations.

18.     Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its business, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that repeatedly sends unsolicited telemarketing text messages and phone calls to consumers' cellular telephones, including to those whose numbers are on the National Do Not Call Registry who did not provide prior express invitation or permission to receive such messages.

19.     In December 2025 (more than 30 days after acquiring her phone number and confirming its placement on the National Do Not Call Registry), Spoon received a series of unsolicited phone calls from the number 214-833-1153.

20.     Spoon received at least three calls from Angi from 214-833-1153: on December 5, 2025, December 8, 2025, and December 10, 2025. The calls were placed by Angi for purposes of soliciting Spoon to purchase a membership to Angi's network and to promote other related products and services.  Each call displayed only the phone number and not the name of the telemarketer on the Caller ID—the name was not transmitted.

21.     When the number, 214-833-1153, is dialed back (which Spoon has personally done), it connects to Defendant Angi. Specifically, upon dialing the number, a caller hears an artificial voice asking the caller to press 1. Upon pressing 1, "waiting room" music plays. Periodically, the waiting room music is interrupted by pre-recorded advertisements from Angi, such as: (1) "Did you know that Angi Leads service professionals win an average of 6 new jobs per month through our platform? We receive over 20 million project requests annually. Let us connect you to these homeowners today! We will give your business a competitive edge with a

4

strong online presence and ultimately make you more money"; (2) "Did you know connecting to homeowners is fast and easy using the Angi Leads mobile app? Be sure to download it on your iOS or Android phone. Within the app you can respond to leads and request reviews with the click of a button. And don't forget to always ask your customers for a review after a job is complete. It's an easy way to win more jobs with Angi Leads"; and (3) "Did you know calling your leads quickly, being persistent, and collecting ratings and reviews are a few easy ways to connect to more customers? In fact, pros that have at least three reviews on Angi win 3x more customer contacts. When you become a member of Angi Lead, we provide more tips for success like these and access to tools which help your business succeed both online and offline".

22.     Moreover, Angi was contacted pre-suit and its response did not deny making the calls at issue.

23.     On information and belief, Angi charges money to join its network (via an annual membership which can cost a few hundred dollars per year) and charges money per lead (which can range from $15 up to $100+ per lead). In other words, Angi operates a "pay to play" model. Angi was calling Spoon to solicit the purchase of such a membership.

24.     Simply stated, Angi was calling Plaintiff for the purpose of promoting and attempting to sell membership to its lead generation network and related services and products.

25.     In addition to the at-least three phone calls in December 2025, Angi sent Spoon an unsolicited text message on November 25, 2025 from the number 260-286-2241 which stated:" Hey, this is Derick with Angi. I'm trying to reach out to Castillo Custom Homes. I saw your work and made a note to follow up with you. I'm sure you guys are busy. Are you able to add a few projects to your schedule? I have some projects in Dallas that may be of interest to you. If you're up for it, I'd like to start sending some of these homeowners your way. Let me

know when you're available or call me at 260-286-2241. Thank you! Derick at Angi". As with the December calls, the text message displayed only the phone number and not the name of the telemarketer.

26.     Spoon does not (and has never) done business as "Castillo Custom Homes" nor has she ever had any affiliation with this purported company.

27.     Spoon does not use her personal residential cellphone number at issue in this case for business purposes.

28.     Plaintiff has never provided her cellular telephone number to Defendant.

29.     Plaintiff never had a business relationship with Defendant.

30.     Plaintiff did not opt-in to receive any solicitations from Defendant.

31.     Defendant was, and is, aware that the above-described calls and text messages were sent to consumers like Plaintiff who did not consent to receive them.

32.     By places the unauthorized calls text messages alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

33.     To redress these injuries, Plaintiff, on behalf of herself and Classes of similarly situated individuals, brings this suit under the TCPA. On behalf of the Classes, Plaintiff seeks an

6

injunction requiring Defendant to cease all unauthorized telemarketing activities and an award of

statutory damages to the class members, together with costs and reasonable attorneys' fees.

**CLASS ACTION ALLEGATIONS**

34.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and Rule 23(b)(3) on behalf of herself and the Classes defined as follows:

> **National Do Not Call Registry Class**: All persons throughout the United States (1) to whom Angi delivered, or directed to be delivered, more than one phone call or text message within a 12 month period for purposes of encouraging the purchase of a product or service from Angi, (2) where the person's telephone number had been registered with the National Do Not Call Registry for at least thirty (30) days before Angi delivered or directed to be delivered at least two of the calls or text messages within the 12-month period, (3) from four-years prior to the filing of the initial complaint in this action through the date notice is disseminated to a certified class, and (4) for whom Angi claims supposed prior express permission or invitation to place the calls and texts was obtained in the same manner as Angi claims supposed prior express permission or invitation was obtained from the named plaintiff, and/or where the number was reassigned and Angi claims prior express permission or invitation from the prior subscriber.

> **Caller ID Class:** All persons or entities in the United States who, from four (4) years prior to the filing of this action through the date notice is sent to the Class: (1) received more than one text message or telephone call from or on behalf of the defendant Angi; (2) on their cellular telephone; (3) for the same purpose for which Angi (or its agent) contacted the named plaintiff; and (4) where Angi's name was not transmitted to the called party as caller identification information.

35.    The following people are excluded from the Classes: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, Defendant's

subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its

parents have a controlling interest and its current or former employees, officers and directors; (3)

persons who properly execute and file a timely request for exclusion from the Classes; (4)

persons whose claims in this matter have been finally adjudicated on the merits or otherwise

released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives,

successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend

7

the class definition following appropriate discovery.

36.     **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed telemarketing calls and texts messages to hundreds or thousands of consumers who fall into the defined Classes. However, the exact number of members of the Classes can be identified through reference to objective criteria, including Defendant's records.

37.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

38.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

39.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant and/or their agents sent the texts and placed the calls at issue;

(c)    Whether Defendant and/or their telemarketers systematically sent telemarketing texts and calls to persons who did not previously provide Defendant with prior express written permission or invitation;

(d)    Whether the texts and calls were for telemarketing purposes and/or constitute telephone solicitations;

(e)    Whether Defendant and/or their telemarketers systematically failed to transmit the telemarketer and/or seller's name as Caller ID information; and

(f)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40.    **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (On behalf of Plaintiff and the National Do Not Call Registry Class)**

41.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

44.     Angi violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Class members whose numbers were registered on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45.     Angi violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Class received more than one text message call in a twelve-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

46.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

10

47.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (On behalf of Plaintiff and the Caller ID Class)**

48.     Spoon incorporates each of the above-pleaded allegations, facts, and statements as if fully set forth herein.

49.     The TCPA's implementing regulations provide in part that:

> Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(10) must transmit caller identification information.
>
> (1) For purposes of this paragraph, caller identification information must include either CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer.

47 C.F.R. § 64.1601(e).

50.     "Caller identification information" means "information provided by a caller identification service regarding the telephone number of, or other information regarding the origination of, a call made using a voice service or a text message sent using a text messaging service." 47 C.F.R. 64.1600.

51.     "Caller identification service" means "any service or device designed to provide the user of the service or device with the telephone number of, or other information regarding the origination of, a call made using a voice service or a text message sent using a text messaging service."

52.     Angi failed to transmit the name of the telemarketer as part of the caller identification information when placing the calls and texts to Spoon and the Caller ID Class.

11

53.     This Caller ID service (transmission of the name of the telemarketer) was, on information and belief, available to Angi by its carrier.

54.     By not transmitting the name of the telemarketer despite this service being available, Defendant has violated the TCPA for each call and text placed by it or on its behalf where the name of the telemarketer was not transmitted as part of the caller identification information.

55.     There is a private right of action under this regulation, pursuant to 47 U.S.C. § 227(c)(5). *See Donbronski v. Selectquote Ins. Servs.*, Case No. 2:23-cv-12597, 2025 U.S. Dist. LEXIS 54413 (E.D. Mich. Mar. 25, 2025).

56.     This requirement applies to text messages. *Newell v. JR Capital, LLC*, 2025 U.S. Dist. LEXIS 136118, at *21 (E.D. Pa. July 16, 2025) ("telemarketing text messages must comply with § 64.1601(e)'s caller ID requirements.")

57.     Moreover, nothing in the regulation allows a company to circumvent the Caller ID requirements by mentioning the company name in the body of the text message. A consumer need-not open unsolicited text messages in search of the name of the texter. Allowing such an exception is akin to a company circumventing the Caller ID rules for voice calls by announcing themselves upon the call connecting—this is not the rule.

58.     As a result of Defendant's unlawful conduct, and/or the conduct of Defendant's agents on or for Defendant's behalf, Plaintiff and the members of the Caller ID Class are entitled, under Section 227(c)(5)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each such violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes, and appointing her counsel as Class Counsel;

B.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation of Counts I and II ($1,500.00 for each willful violation), whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

D.    An order declaring that Defendant's actions, as set out above, were unlawful, knowing and willful, and awarding treble damages;

E.    An injunction requiring Defendant to cease all unsolicited and unlawful calling activities, and otherwise protecting the interests of the Classes;

F.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 23, 2026

**CATHERINE SPOON**, individually and on behalf of all others similarly situated,

By: */s/ Patrick H. Peluso*
*One of Plaintiff's attorneys*

**PELUSO LAW LLC**
Patrick H. Peluso
865 Albion Street, Suite 250
Denver, CO 80220
Telephone: (720) 805-2008

13

Facsimile: (720) 336-3663
E-Mail: ppeluso@pelusolawfirm.com

*Counsel for Plaintiff and the Alleged Class*