## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-00523-NYW-NRN

CATHERINE SPOON, on behalf of herself and all others similarly situated,

       Plaintiff,

v.

ANGI INC., a Delaware corporation,

       Defendant.

---

## DEFENDANT ANGI INC.'S MOTION TO STRIKE CLASS ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT

---

Defendant Angi Inc. ("Angi") respectfully moves this Court for an order striking Plaintiff Catherine Spoon's ("Plaintiff") class allegations from the First Amended Complaint (Dkt. No. 16), pursuant to Federal Rules of Civil Procedure ("Rule") 12(f), and 23.

### MEMORANDUM OF LAW

I.    **INTRODUCTION**

Plaintiff has filed a First Amended Complaint ("FAC"), adding allegations and revising her proposed class definitions. Despite those changes, however, Plaintiff's classes remain facially uncertifiable and should be stricken.

1

The National Do-Not-Call ("DNC") Registry class must be stricken for at least two reasons. First, the DNC class is overly broad and lacks commonality because it is not limited to residential telephone subscribers, even though the Telephone Consumer Protection Act's ("TCPA") DNC provisions apply only to residential lines. Second, the DNC class is overly broad and lacks commonality because it is not limited to individuals who personally registered their phone numbers on the DNC Registry. Yet, individuals must personally register their telephone number on the DNC Registry in order to state a TCPA claim. *See Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *5 (N.D. Iowa June 9, 2022).

The Caller ID class definition suffers from a similar defect. It is overbroad and lacks commonality because it is not limited to residential subscribers.

Since the class definitions are fatally flawed for critical reasons that cannot be cured in discovery, they must be stricken here and now.

II.    **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges violations of the TCPA based on receipt of alleged text messages to her phone number without her consent and while her phone number was on the National DNC Registry. *See* Plaintiff's First Amended Complaint (Dkt. No. 16) ("FAC"), ¶¶ 19-33. Further, Plaintiff alleges "[e]ach call displayed only the phone number and not the name of the telemarketer on the Caller ID—the name was not transmitted." *Id*., ¶ 20. Based on these alleged violations, Plaintiff seeks to represent the following two nationwide classes:

> **National Do Not Call Registry Class**: All persons throughout the United States (1) to whom Angi delivered, or directed to be delivered, more than one phone call or text message within a 12 month period for purposes of encouraging the purchase of a product or service from Angi, (2) where the

person's telephone number had been registered with the National Do Not Call Registry for at least thirty (30) days before Angi delivered or directed to be delivered at least two of the calls or text messages within the 12-month period, (3) from four-years prior to the filing of the initial complaint in this action through the date notice is disseminated to a certified class, and (4) for whom Angi claims supposed prior express permission or invitation to place the calls and texts was obtained in the same manner as Angi claims supposed prior express permission or invitation was obtained from the named plaintiff, and/or where the number was reassigned and Angi claims prior express permission or invitation from the prior subscriber.

**Caller ID Class**: All persons or entities in the United States who, from four (4) years prior to the filing of this action through the date notice is sent to the Class: (1) received more than one text message or telephone call from or on behalf of the defendant Angi; (2) on the their cellular telephone; (3) for the same purpose for which Angi (or its agent) contacted the named plaintiff; and (4) where Angi's name was not transmitted to the called party as caller identification information.

*Id.*, at ¶ 34.

## III.   **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 12(f) provides that a "court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

To certify a class action, a plaintiff must satisfy all of Rule 23(a)'s requirements and also satisfy one of Rule 23(b)'s provisions. *See, e.g., Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1213 (10th Cir. 2014). Although courts typically assess the viability of class claims at the certification stage, district courts "are permitted to make such determinations on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained." *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023) (citation omitted); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("Rule 23(c)(1)(A) says that the district court should decide whether to certify a class '[a]t an early practicable time' in the litigation, and

nothing in the rules says that the court must await a motion by the plaintiffs."). In making this determination, courts apply the same standards applied at the certification stage and ask whether a complaint's allegations satisfy Federal Rule of Civil Procedure 23's requirements. *See Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298, at *3 (D. Colo. Dec. 4, 2024) ("A decision to grant a motion to strike class allegations ... is the functional equivalent of denying a motion to certify a case as a class action.") (citing *Young v. Standard Fire Ins. Co.*, No. 21-35777, 2023 WL 21465, at *1 (9th Cir. Jan. 3, 2023)); *See also Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021), cert. denied, ―― U.S. ――――, 142 S. Ct. 2675, 212 L.Ed.2d 762 (2022) (determining that district court may grant motion to strike class claims because "[t]his is consistent with Rule 23(c), which governs class-action certification"); *Id*. at 1094 (concluding the district court abused its discretion by denying motion to strike without considering whether plaintiff "could bring a class action under Rule 23(b), as it [was] apparent from the pleadings that the class [could not] be certified" under Rule 23(b)(2) (quotation omitted)).

"A court may grant a motion to strike class allegations where the pleading makes clear that the purported class cannot be certified and no amount of discovery would change that determination." *Cnty. of Dorchester, S.C. v. AT & T Corp.*, 407 F. Supp. 3d 561, 565–66 (D.S.C. 2019) (quotations omitted); s*ee also Blanton v. United Healthcare Servs., Inc.*, No. 24-CV-484-SMD-JMR, 2025 WL 2636381, at *10 (D.N.M. Sept. 12, 2025) ("Although courts typically assess the viability of class claims at the certification stage, district courts 'are permitted to make such determinations on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot

4

be maintained.'"); *see also* 5C Fed. Prac. & Proc. Civ. § 1383 (3d ed.) ("It seems like the sensible approach ... is to permit class allegations to be stricken at the pleading stage— in part or in their entirety—if it is apparent from the pleadings that the class cannot be certified or that the definition of the class is overbroad." (footnote omitted)). Under Federal Rule of Civil Procedure 12(f), if it is "obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis ... [courts may] delete the complaint's class allegations." *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (quotations omitted).

This Court has also indicated that "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *Faulhaber v. Petzl Am., Inc.*, 656 F. Supp. 3d 1257, 1273 (D. Colo. 2023) (quoting *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)) (alteration added).

IV. <u>**ARGUMENT—PLAINTIFF'S CLASS DEFINITIONS MUST BE STRICKEN BECAUSE THEY ARE FACIALLY UNCERTIFIABLE AS A MATTER OF LAW**</u>

A. **Plaintiff's DNC Class and Caller ID Class Must Be Stricken Because They Are Overly Broad.**

"[A] vague definition is inadequate and a court may 'deny class certification where the class definitions are overly broad, amorphous, and vague.'" *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003). "[I]t is proper for a court to strike class allegations when the proposed class definition is overbroad." *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1155 (D. Colo. 2019) (citing *Edwards v. Zenimax Media Inc.*, No. 12-CV-00411-WYD-KLM, 2012 WL 4378219, at *5 (D. Colo. Sept. 25, 2012)).

Courts regularly decline to certify overbroad classes. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (affirming denial of class certification because the proposed class was overly broad). And, where a "defined class is facially overbroad, it is appropriate to strike the class allegations at the pleadings stage." *Vann v. Dolly, Inc.*, 2020 WL 902831, at *5 (N.D. Ill. Feb. 25, 2020).

Allowing an overbroad class to proceed past the pleadings stage creates an inherent unfairness to the defendant in view of the "in terrorem character of a class action." *Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*, 571 F.3d 672, 677-78 (7th Cir. 2009) ("[A] class should not be certified if it contains a great many of persons who have suffered no injury."). As the Seventh Circuit has aptly observed:

> Even if a class's claim is weak, the sheer number of class members and the potential payout that could be required if all members prove liability might force a defendant to settle a meritless claim in order to avoid breaking the company. While that prospect is often feared with large classes, **the effect can be magnified unfairly if it results from a class defined so broadly as to include many members who could not bring a valid claim even under the best of circumstances**.

*Messner v. Northshore Univ. Health Sys.*, 699 F.3d 802, 825 (7th Cir. 2012) (citing *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 514 (7th Cir.2006)) (emphasis added). This is particularly true in TCPA actions where the statute provides for a minimum of $500 in statutory damages per violation. 47 U.S.C. § 227(c)(3); *see also Kohen*, 571 F.3d at 678 ("When the potential liability created by a lawsuit is very great, even though the probability that the plaintiff will succeed in establishing liability is slight, the defendant will be under pressure to settle rather than to bet the company, even if the betting odds are good.")

Here, Plaintiff's proposed DNC class is massively overbroad because: (1) it is not limited to residential telephone subscribers; and (2) it is not limited to individuals who personally placed their number on the DNC Registry.

Similarly, Plaintiff's proposed Caller ID Class is overbroad because it is not limited to residential subscribers.

### 1.    The DNC Class and Caller ID Class Are Not Limited to Residential Telephone Subscribers.

47 C.F.R. § 64.1200(c) provides, in relevant part "[n]o person or entity shall initiate any telephone solicitation" to "[a] *residential telephone subscriber* who has registered his or her telephone number on the national do-not-call registry..." (emphasis added). Hence, the residential usage of the telephone number called is a critical element of both claims. *See Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020) ("To succeed on a claim alleging violations of the relevant regulations, a plaintiff must [allege] ... that she was a 'residential telephone subscriber'"); *Perrong v. Victory Phones LLC*, 519 F. Supp. 3d 193, 197 (E.D. Pa. 2021) ("whether [Plaintiff] has a residential or cellular line or otherwise is dispositive to whether his claim can survive a motion to dismiss").

Here, Plaintiff's classes are over-inclusive in that they include individuals who have no valid claim because the call or text message may have been to a business telephone subscriber or to non-residential cellular phone numbers. By the statute's clear language, the call or text must have been made to a residential telephone subscriber. Because Plaintiff's class definitions are not limited to residential telephone subscribers, the class is overly broad and must be stricken. *See e.g., Edwards*, 2012 WL 4378219, at *6.

2.     **The DNC Class is Not Limited to Individuals who Personally Placed their Number on the DNC Registry**.

47 C.F.R. § 64.1200(c), provides, in relevant part "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber *who has registered his or her telephone number on the national do-not-call registry* of persons who do not wish to receive telephone solicitations that is maintained by the federal government." (emphasis added). The plain language of Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber who has registered his or her telephone number on the national DNC Registry.

Here, Plaintiff's DNC class is overly broad because it is not limited to individuals who personally placed their number on the DNC Registry. The class, as defined in the FAC, includes all individuals "to whom Angi delivered, or directed to be delivered, more than one phone call or text message within a 12-month period; and (2) where the person's telephone number had been registered with the National Do Not Call Registry for at least thirty (30) days." FAC, ¶ 34. This definition encompasses all individuals whose number is registered on the DNC Registry, regardless of whether an individual personally registered it. However, those individuals who did not personally register their telephone number on the DNC Registry lack a valid claim. *See Rombough*, 2022 WL 2713278, at *5 (dismissing case with prejudice where Plaintiff failed to allege that she registered her telephone on the DNC registry).

Allowing this action to proceed with the proposed class definition as is would therefore work an inherent unfairness against Angi, because it would be required to undertake the burden and expense of defending against a putative class that contains members with no standing and no conceivable claim. *See Klassen v. Solid Quote LLC*,

8

No. 23-CV-00318-GPG-NRN, 2023 WL 7544185, at *4 (D. Colo. Nov. 14, 2023) (defendant arguing that the proposed class was overbroad because it includes any person whose number was registered on the DNC Registry without regard to who did the registering and the Court modifying the proposed class to instead state "the person's telephone number was registered by the person on the National Do-Not-Call Registry 30 or more days.").

B.    **The Over-Breadth of the Classes Also Result in the Classes Facially Lacking Commonality in a Way that Discovery Cannot Resolve**.

The commonality requirement of Rule 23 demands that there be "questions of law or fact common to the class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009). A class that lacks commonality is also not certifiable. *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477-478 (8th Cir. 2016) ("Under Rule 23(a), a district court may certify a class only if it 'is satisfied, after a rigorous analysis,' that the four threshold requirements are met" which includes "commonality of legal or factual questions.") (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–15 (1997)). Commonality requires more than simply whether class members have suffered a violation of the same provision of law. *Controllable On-Site Prot. Sec. Sys., Inc. v. Telular Corp.*, No. 4:14CV00487 JM, 2016 WL 11778133, at *2 (E.D. Ark. Apr. 12, 2016) ("'Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury.' This does not mean merely that they have all suffered a violation of the same provision of law.") (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)); *see also* Herbert Newberg & Alba Conte, Newberg, Class Actions § 6.20, at 6–82 (3d ed. 1992) (noting that "[t]he plaintiff's allegations must indicate sufficiently that the adjudication of his or her claim will necessarily involve one or more common questions

concerning persons similarly situated," and that class action pleadings "should not be merely conclusory").

If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Messner*, 699 F.3d at *815 (quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)). In other words, there must be at least one "common contention" that "is central to the validity" of the claims and that can be resolved "in one stroke." *Wal-Mart*, 564 U.S. at 349.

In the instant case, Plaintiff's classes do not satisfy the commonality requirement of Rule 23(a) due to their overly broad definitions. Indeed, the classes are overbroad because they include individuals who are not residential telephone subscribers. These broad class definitions necessitate individualized inquiries for each member. Determining whether each putative class member's claim is valid requires individualized inquiries that preclude certification. *See Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 228 (N.D. Cal. 2024) (holding that certification is improper where "only individualized evidence" could establish key elements of liability). The burden to show the residential status is on Plaintiff, who, to obtain class certification, must "advance a viable theory employing generalized proof to establish residential status." *Payne*, 347 F.R.D. 224, at *228 (citing *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 131 (N.D. Tex. 2020)). This would be impossible here as some class members will lack a valid claim because they didn't personally list their phone number on the national DNC Registry, and it would be impossible to determine through common evidence who has a valid claim amongst the entire class. This would

10

require individualized inquiries which are improper for class certification. *See Payne*, 347 F.R.D. 224, at \*228.

As a result, the classes fail to meet the commonality requirement under Rule 23(a)—as it is impossible to resolve the critical issues common to all members "in one stroke." *Manning*, 725 F. 3d at \*59 (citing *Wal-Mart*, 564 U.S. at 349).

**C.    The Court Should Not Wait Until the Certification Stage to Address These Issues—It Should Strike Plaintiff's Class Allegations Here and Now.**

Plaintiff will undoubtedly ask the Court to overlook the flaws in her proposed classes and allow her to leverage the cumbersome machinery of class discovery. That would be manifestly unfair and does not comport with how class actions are designed to work. Angi has raised valid challenges to the class definitions proposed in the First Amended Complaint. There is no reason to allow the case to proceed to discovery, let alone certification briefing, when it is apparent at the outset that the proposed class definitions cannot be certified. *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 444 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."); *Barnes v. Coca-Cola Co.*, No. 1:22-CV-01511-KJM-EPG, 2025 WL 1027431, at \*5 (E.D. Cal. Apr. 7, 2025) (granting motion to strike the class allegations in the complaint and holding that a defendant "is entitled to know the class definition being alleged against [it]"); *See also Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at \*7 (N.D. Cal. Dec. 16, 2011) (granting motion to strike class allegations because "the proposed class includes many members who have not been injured"); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) ("This is a case where 'the issues

are plain enough from the pleadings' to allow the court to conclude that no class can be certified.").

This approach is consistent with the mandate set forth in the Federal Rules of Civil Procedure, which require courts to rule on class certification issues "[a]t an early practicable time" following the filing of a complaint. Fed. R. Civ. P. 23(c)(1)(A). Should Plaintiff's facially uncertifiable classes be allowed to proceed, Angi will be forced to engage in extensive and burdensome discovery and litigation only for class certification to be inevitably denied, which wastes both the parties' and judicial resources. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("[T]he problem for the plaintiffs is that we cannot see how discovery or for that matter more time would have helped them."). These inefficiencies can be avoided by striking Plaintiff's classes that are plainly incapable of certification.

V.    **CONCLUSION**

For the foregoing reasons, Angi respectfully requests this Court to strike Plaintiff's class allegations in the First Amended Complaint.

Dated: May 7, 2026                    **TROUTMAN AMIN, LLP**

                                      By: */s/ Brittany Andres*

                                      Eric J. Troutman
                                      Puja Amin
                                      Brittany A. Andres
                                      400 Spectrum Center Drive, Suite 1450
                                      Irvine, California 92618
                                      Telephone: (949) 350-3663
                                      Facsimile: (949) 203-8689
                                      E-mail: troutman@troutmanamin.com
                                      E-mail: amin@troutmanamin.com
                                      E-mail: brittany@troutmanamin.com

                                      *Counsel for Defendant Angi Inc.*

12

**CERTIFICATION**

I hereby certify that on May 7, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Brittany A. Andres*

Brittany A. Andres

**CERTIFICATIONS**

In accordance with the District of Colorado Local Civil Rule 7.1, I hereby certify that on April 29, 2026, I conferred with opposing counsel in good faith to resolve this matter. Opposing counsel indicated that Plaintiff opposes this Motion.

In accordance with the District of Colorado Local Civil Rule 17, I hereby certify that this memorandum contains 3,365 words, in compliance with the Local Civil Rules.

In accordance with The Honorable Nina Y. Wang's Standing Order, I hereby certify that generative artificial intelligence was not used to draft this filing.

*/s/ Brittany A. Andres*

Brittany A. Andres