# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-00523-NYW-NRN

CATHERINE SPOON, on behalf of herself and all others similarly situated,

       Plaintiff,

v.

ANGI INC.,

       Defendant.

---

## RULE 26(f) REPORT AND ~~PROPOSED~~ SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Telephonic Scheduling Conference in this matter is set for May 26, 2026 at 9:30  a.m.

before Magistrate Judge N. Reid Neureiter.

Appearing for the parties are:

Plaintiff's Counsel:
Patrick Peluso
Peluso Law LLC
865 Albion Street, Suite 250
Denver, Colorado 80220
ppeluso@pelusolawfirm.com
(720) 805-2008

Defendant's Counsel:
Brittany A. Andres
brittany@troutmanamin.com
Troutman Amin LLP
400 Spectrum Center Drive, Suite 1450
Irvine, CA 92618
(949) 350-5612

1

## 2.  STATEMENT OF JURISDICTION

This action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which is a federal statute.  Plaintiff thus asserts that her claims invoke federal question subject matter jurisdiction.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**: Plaintiff Spoon alleges in this alleged class action that Defendant Angi violated the TCPA in two distinct ways. First, Angi placed telemarketing phone calls and text messages to the telephones of consumers nationwide whose numbers are on the National Do Not Call Registry without first securing prior express permission or invitation from the called parties. Second, Angi failed to transmit the required Caller ID information when placing such calls and text messages. Plaintiff seeks statutory damages on behalf of herself and the alleged Classes, plus attorneys' fees and costs.

To briefly respond to some of Defendant's arguments below, Plaintiff states: (1) she denies providing any consent and denies that the number is used by her as a business number; (2) consent is not a defense to the Caller ID claim; and (3) the class definition for the National Do Not Call Registry Class *does* take consent into account ("and for whom Angi claims prior express permission or invitation to place the calls and texts was obtained in the same manner as Angi claims supposed prior express permission or invitation was obtained from the named plaintiff, and/or the number was reassigned and Angi claims prior express permission or invitation from the prior subscriber").

2

b. **Defendant**: Angi is a provider of local home services in various categories such as home improvement, repair, cleaning, and maintenance. It allows individuals to find and hire local contractors, plumbers, electricians, and other professionals based on the experiences and reviews of others in their community. Angi also provides business opportunities to service professionals and businesses by connecting them with potential customers seeking home services in their area. Amongst the various outreach channels it uses to engage with such professional and businesses, Angi will send messages to them when it has their consent to do so.

As relevant to this case, when a business signs up with Angi to be connected with consumers and provides express written consent to be contacted, Angi will initiate outreach to that business at the number provided.

Angi submits it is not liable for the calls to Plaintiff because either: i) Plaintiff submitted, or authorized the submission, of consent; ii) Angi had the legal right to reasonably rely (and, as a factual matter, did reasonably rely) on the consent, even if it was provided by a third party and not Plaintiff; iii) any harm Plaintiff suffered as a result of the calls is not "fairly traceable" to any culpable conduct of Angi such that Plaintiff lacks standing to sue Angi in this suit; and iv) any such contact was made to a business phone number.

Even if Angi is liable to Plaintiff individually (it should not), it submits a class is not certifiable in this case as Angi's practice and procedure is to contact only consenting individuals and entities, and not random consumers. As such, Plaintiff's overly broad class definitions—which do not take consent into account—can never be certified.

3

### 4.  UNDISPUTED FACTS

1.      Defendant is headquartered in this District.

2.      Plaintiff resides in Dallas, Texas.

### 5.  COMPUTATION OF DAMAGES

a.  **Plaintiff:** Plaintiff, on behalf of herself and all others similarly situated, seeks an award

of statutory damages as available, all to be paid into a common fund for the benefit of

Plaintiff and the Classes. Plaintiff also seeks attorneys' fees and costs.

b.  *Defendant*: Plaintiff's claim for statutory damages in this case is without merit. Defendant

did not violate the TCPA as to the Plaintiff or any proposed class member. So, no relief is

available under the TCPA. Even if there was a violation (there is not), there was no

knowing or willful violation here. The TCPA does not allow for recovery of attorneys' fees

and costs.

### 6.  REPORT OF PRECONFERENCE DISCOVERY
### AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting:  The parties' 26(f) conference was held by telephone on May

15, 2026.

b.  **Plaintiff was represented by Patrick Peluso of Peluso Law LLC and Defendant was**

**represented by Brittany Andres of Troutman Amin LLP**.

c.  The parties agree to exchange initial disclosures on or before **fourteen (14) days after a ruling on**

**Defendant's Motion to Stay if the Motion to Stay is denied, and fourteen (14) days after a**

**ruling on Defendant's Motion to Dismiss if a stay is granted pending the motion to dismiss.**
Initial Disclosures shall be made on or before June 9, 2026

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**Defendant contends that discovery should be stayed until the Court rules on Defendant's motions to dismiss and to strike the class allegations, including Rule 26(a)(1) disclosures. Plaintiff opposes a stay.**

e.  Statement concerning any agreements to conduct informal discovery: **None at this time.**

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: **Parties will cooperate as necessary regarding a unified exhibit numbering systems.**

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**Regarding Electronically Stored Information ("ESI"), the parties agree that if disclosure of ESI in other than hard copy becomes necessary, the parties agree that any ESI may be disclosed in .pdf format, so long as that format is reasonably legible and searchable. The parties agree that ESI and other documents will be manually self-collected by the document custodians at the direction and oversight of counsel. The Parties will make an effort to preserve metadata in the event that production of metadata for particular documents is necessary. After the initial production in hard copy or .pdf format is complete, a party desiring ESI in native file format must demonstrate a need consistent with Fed. R. Civ. P. 26(b) for such production. In the event that ESI is demonstrated by the producing party to be not reasonably accessible, the parties will work together to evaluate alternative means of production.**

5

**The Parties do not anticipate that it will be necessary to access inactive data stores, including, but not limited to, back-up tapes, and does not intend to do so in the absence of a demonstrated need. If a party believes that a search of inactive data stores is necessary and the information is not obtainable elsewhere in a reasonably legible format the party shall first attempt to informally resolve the matter with the opposing party; should that effort fail, the party seeking the search may seek permission from the Court to access such information by showing good cause as defined by the Federal Rules of Civil Procedure and relevant case law.**

**The parties have agreed that all documents that are protected by attorney-client privilege and/or work product doctrine shall be governed by Fed.R.Civ.P. 26(b)(5)(B) and Fed.R.Evid. 502. In the event a privilege log is necessary, the log shall set forth the date of the document, the names of the sender and recipient, and a brief description of the nature of the document or section redacted and the privilege asserted. Such logs will be provided to the opposing party at the time of production. The parties will attempt to resolve any disagreements as to the designation of any particular document as privileged, and if unable to do so, will provide the documents at issue to the Court for an in-camera review and ruling. In accordance with Fed.R.Civ.P. 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim, about the inadvertent disclosure and the basis for privilege. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not**

6

**use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.**

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case. **The Parties commit to discussing settlement at an appropriate time as the case progresses.**

## 7.  CONSENT

All parties    ☐ [have]    X☐ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: ~~None~~. **Each side shall be limited to 4 depositions, excluding experts.**

Limitations which any party proposes on the length of depositions:

**7 hours, per the Federal Rules of Civil Procedure. Depositions shall not exceed 7 hours for parties, all other fact depositions are limited to 4 hours.  For retained experts, depositions shall not exceed 7 hours.**

Limitations which any party proposes on the number of requests for production and/or requests for admission: **None.**

Other Planning or Discovery Orders:  **None.**

## 9.  CASE PLAN AND SCHEDULE

**Defendant has filed a motion to stay discovery pending resolution of its motions to dismiss and to strike the class allegations and Plaintiff opposes a stay. Defendant's position is that**

7

**Defendant's Motion to Stay Discovery should be granted and discovery should not proceed until the Court has ruled on the Motion to Dismiss and Motion to Strike Class Allegations. Should the Defendant's Motion to Stay Discovery be denied, Plaintiff and Defendant collectively propose the following case plan and schedule:**

Joinder of Parties and Amended Pleadings: ~~August 26, 2026~~ July 31, 2026.

Class certification Expert Disclosures/Reports: November 19, 2026

Class certification Rebuttal Expert Disclosures/Reports: December 14, 2026 Motion for Class Certification: February 16, 2027 Opposition to Motion for Class Certification: March 9, 2027

Reply in Support of Motion for Class Certification: March 23, 2027

Fact/Expert Discovery Cutoff: ~~July 19, 2027~~ Within 3 days of a decision on the motion for class certification, the parties shall contact Judge Neureiter's Chamber to set a follow up scheduling/status conference.

### 10. DATES FOR FURTHER CONFERENCES

a. A final pretrial conference will be held in this case on **TBD** at _____ o'clock _m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

Telephonic Status Conference set for October 22, 2026 at 10:00 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom A401, Fourth floor, Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado 80294. Five minutes prior to the start of the hearing, the

parties shall call the conference line 571-353-2301, Access Code 841686937# to participate.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. **None at present.**

b. Plaintiff's position is Anticipated length of **jury** trial is **5 days.**

c. Defendant's Position: Defendant estimates that the jury trial for a certified manner will take at least ten (10) days and may take several weeks – involving testimony from thousands of potential class members – depending on how class member standing is to be addressed.

## 12. NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

Currently, the Scheduling Conference is scheduled for May 26, 2026. Parties agree to cooperate on rescheduling dates as necessary. The parties agree that this Scheduling Order may be altered or amended only upon a showing of good cause.

9

DATED at Denver, Colorado, this 26ᵗʰ day of May, 2026

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge

APPROVED:
       /s/ Patrick H. Peluso
_____
Patrick H. Peluso
Peluso Law LLC
865 Albion Street, Suite 250
Denver, Colorado  80220
(720) 805-2008 – phone
(720) 336-3663 – fax
ppeluso@pelusolawfirm.com

*Counsel for Plaintiff*

       /s/ Brittany A. Andres
_____
**TROUTMAN AMIN, LLP**

Eric J. Troutman
Puja Amin
Brittany A. Andres
400 Spectrum Center Drive, Suite 1450
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (949) 203-8689
E-mail: troutman@troutmanamin.com
E-mail: amin@troutmanamin.com
E-mail: brittany@troutmanamin.com

*Counsel for Defendant*

10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's electronic filing system on May 19, 2026.

 */s/ Patrick H. Peluso*