## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-00523-NYW-NRN

CATHERINE SPOON, on behalf of herself and all others similarly situated,

      Plaintiff,

v.

ANGI, INC., a Delaware corporation,

      Defendant.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
MAY 7, 2026 MOTION TO STRIKE CLASS ALLEGATIONS (DKT. 20)**

---

## I.    INTRODUCTION

This alleged class action case challenges Defendant Angi, Inc.'s ("Defendant" or "Angi") violations the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). Plaintiff Catherine Spoon alleges that Angi violates the TCPA in two (2) distinct ways. First, Angi placed multiple telemarketing phone calls and at least one telemarketing text message to her despite her number being on the National Do Not Call Registry and despite Spoon providing no prior express permission or invitation to receive calls and texts from Angi. Second, Angi failed to transmit the required Caller ID information when placing such calls and text messages.

In response, Angi has filed a flurry of motions, including the instant Motion to Strike Class Allegations (dkt. 20). Even though striking class allegations is a drastic remedy, Angi argues it warranted here because supposedly: (1) as to both of Plaintiff's alleged classes, the pleaded definition is not limited to residential telephone subscribers; and (2) as to Plaintiff's DNC Class

1

only, the pleaded definition is not limited to those who "personally placed their number on the DNC Registry". (Dkt. 20 at 7). As explained below, Angi's Motion should be denied.

As an initial matter, Angi's Motion is premature. There has been no discovery, and Angi must show, on the pleadings alone, that it would be <u>impossible</u> to certify any Class. Angi makes no such showing. Even if the Motion were timely, it is premised on flawed assumptions. For example, though Angi pretends that a person must personally place their number on the DNC Registry in order to recover under the TCPA, "most courts have resoundingly rejected" this argument. *Binetti v. Colo. Tech. Univ., Inc.*, No. 25-cv-01049-AP, 2026 U.S. Dist. LEXIS 65158, at *14 (D. Or. Jan. 21, 2026). Similarly, though Angi contends that the question of whether a phone number is a residential number somehow makes certification impossible, Angi ignores that there is a "presumption that wireless subscribers who ask to be put on the national do-not-call list [are] 'residential subscribers'." *Showers v. Pelican Inv. Holdings Grp., LLC*, Case No. 3:23-CV-02854-NJR, 2026 U.S. Dist. LEXIS 20276, at *17 (S.D. Ill. Jan. 30, 2026).

At bottom, even if the Court believes the pleaded class definitions may (or even must) evolve and be refined, the issues raised by Angi are more appropriately addressed after discovery is completed and after a motion for class certification is filed. At present, Angi falls well short of carrying its burden to demonstrate that certification is impossible here, and its Motion should be denied.

## II.    ARGUMENT

A motion to strike is a "drastic remedy" that is "disfavored by the courts." *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-CV-02432-WYD-KMT, 2013 WL 5448078, at *2 (D. Colo. Sept. 27, 2013) (quoting *Francis v. Mead Johnson & Co.,* No. 1 0–cv–00701–JLK, 2010 WL 3733023, at *1 (D. Colo. Sept. 16, 2010)). A motion to strike class allegations is "even more

2

disfavored" because it "requires a reviewing court to 'preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.'" *Friedman*, 2013 WL 5448078, at *2; *see also Cleary v. Whole Foods Mkt. Rocky Mountain/southwest L.P.*, No. 15-CV-01247-MEH, 2016 WL 7048899, at *2 (D. Colo. Dec. 5, 2016) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendant's ken, seems precipitate and contrary to the pragmatic spirit of Rule 23."); *Bates v. Bankers Life & Casualty Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017). ("A decision to grant a motion to strike class allegations . . . is the functional equivalent of denying a motion to certify a case as a class action.")

Indeed, a movant has the high burden of showing that "it will be *impossible* to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove." *Cleary*, 2016 WL 7048899, at *2; *see also Friedman*, 2013 WL 5448078, at *2; *Blihovde v. St. Croix Cnty., Wis.*, 219 F.R.D. 607, 613 (W.D. Wis. 2003) ("[W]here defendants contend that certification is precluded as a matter of law before the filing of the certification motion, defendant bears the burden of demonstrating that on the face of the complaint, class certification is **impossible**.") (emphasis added).

Angi argues that the class allegations must be stricken because they are overbroad and therefore fail to satisfy Rule 23's commonality requirement for two primary reasons: (1) the pleaded classes are not limited to "residential" telephone subscribers, and (2) as to the DNC Class only, the pleaded class definition is not limited to only those who personally placed their

3

numbers on the DNC Registry. Neither argument has merit, and the request to strike class allegations should be rejected.

> **1.    As an initial matter, even if the Court believes there may ultimately be a need to modify the class definitions, this is not a reason to strike the class allegations at the pleadings stage.**

To begin, and though Plaintiff will explain below why Angi's concerns about the class definitions are meritless, it is important to note that Angi's arguments are ill-suited for consideration at the pleadings stage. This is because "[a] court has 'plenary power to modify the class definition ... at any time prior to judgment, [and] the parties are free to move for modifications to the class definition should subsequent events reveal that the class definition is unworkable.'" *Ramos v. Banner Health*, No. 15-CV-2556-WJM-NRN, 2019 WL 646082, at *1 (D. Colo. Jan. 29, 2019) (quoting *Ditty v. Check Rite, Ltd.*, 182 F.R.D. 639, 645 (D. Utah 1998)); *see also Abraham v. WPX Energy Prod., LLC*, 322 F.R.D. 592, 610 (D.N.M. 2017) ("Tenth Circuit language . . . suggest[s] that a court need not hold a plaintiff to the class definition in the operative complaint.");[1] *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases) (striking class allegations "is in fact rare…in advance of a motion for class certification.").

Similar arguments to Angi's were raised in the case of *Klassen v. Solid Quote LLC*, 702 F. Supp. 3d 1052 (D. Colo. 2023). As Judge Gallagher explained there:

---

[1] Indeed, "litigants and judges regularly modify class definitions." *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005); *see also Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 215 F.R.D. 523, 525 (E.D. Tex. 2003)(leave to amend definition proper where "the parties filed additional briefing on the class certification issues and Plaintiffs filed a motion to amend the class definition in order to comply with the summary judgment order and the discussions during the class certification hearing."); *Jones v. Nat'l Council of Young Men's Christian Associations of the U.S.*, 09 C 6437, 2012 WL 5356038 (N.D. Ill. Oct. 30, 2012) (Courts "routinely permit modification of the proposed class definition") (citation omitted).

> SolidQuote's concern is that the proposed "class definition asks this Court to improperly expand this case beyond the statutory scope" (D. 26 at 14) as a statutory violation requires a residential subscriber "[to have] registered his or her number on the national do-not-call registry," 47 C.F.R. § 64.1200(c)(2). In contrast, Plaintiff's proposed class would include any person whose number "was registered," without regard to who did the registering (D. 8 at 9). This issue is easily remedied. The Court modifies subdivision (1) of the proposed class definition to instead state "the person's telephone number was registered by the person on the National Do-Not-Call Registry 30 or more days." Rather than strike the offending pleading and require amendment, I exercise my discretion to slightly amend the proposed definition—which is far more efficient and in keeping with the spirit of Federal Rule of Procedure 1 than another round of briefing on this issue (which would ultimately result in the same slight amendment). To be clear, this alteration will not prohibit dissemination of the proposed class information to all such qualifying numbers registered on the do-not-call list, but will require opt-in plaintiffs to certify they registered their own number(s).

*Klassen*, 702 F. Supp. 3d at 1059.

Thus, even if the Court agrees with Angi's critiques of the class definition in the Complaint, the proper remedy would be to amend the definition at the certification stage, not strike the class allegations. This is common in class litigation. *See Hudson v. Homeadvisor, Inc.*, 348 F.R.D. 690, 693 (D. Colo. 2025) "(And while I agree that Plaintiff's current class definition may not satisfy Rule 23's commonality requirement to the extent it includes people who gave consent to be contacted by Defendant, that is an issue that is more appropriate for resolution at the certification stage than on the pleadings. That is especially so given that the private right of action here 'offers many advantages for class-wide adjudication,' and any issues with the current class definition can likely be cured at a later time.") (citation omitted); *Waterbury v. A1 Solar Power Inc.*, No. 15CV2374-MMA (WVG), 2016 WL 3166910, at *4 (S.D. Cal. June 7, 2016) ("most courts decline to grant motions to strike class allegations prior to motions for class certification because 'the shape and form of a class action evolve[ ] only through the process of discovery.'"); *Whittaker v. Freeway Ins. Servs. Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *6 (D. Ariz. Jan. 12, 2023) (same); *Krikorian v. Great-West Life & Annuity Ins.*

*Co*. Case No. 16-cv-00094-REB-SKC, 2018 U.S. Dist. LEXIS 156263, at *9 (D. Colo. Sept. 13, 2018) (noting "many cases [] hold that amendment and refinement of the definition of a Rule 23 class, including after class certification, often is proper" and indicating that modifications to a class definition are particularly appropriate where the modification is "narrowing the scope of a class or adding greater detail to the definition of a class."[2]); *McCabe v. Daimler AG*, No. 1:12-cv-2494-TCB, 2013 U.S. Dist. LEXIS 169204, 2013 WL 6283657, at *I (N.D. Ga. Dec. 2, 2013) ("[T]his motion [to strike class allegations] is premature and the Court will wait until a motion for class certification is filed to determine whether this case can proceed as a class action. . . . The shape and form of a class action evolves only through the process of discovery, and it is premature to rule on class certification before the claim has taken form.")

Ultimately, the fact that the Court could ultimately conclude (after discovery and after the issue is briefed on a full record) that a class must be limited in some way does not mean that certification in this case is impossible. As Judge Domenico held:

> [Defendant] argues that the class must be limited . . . but its conclusion that it would therefore be impossible to certify any class does not follow. Dkt. 10 at 17. It's possible that a lack of commonality may warrant limiting the scope of any proposed class at the certification stage, but it does not warrant a determination that class certification is impossible now.

*Segura v. Avenue5 Residential, LLC*, Case No. 1:24-cv-01577-DDD-NRN, Dkt. 45 at 10-11 (D. Colo. March 12, 2025) (unpublished opinion, attached hereto as Exhibit A.) The same is true here. The possible, potential need to "limit[] the scope" of the classes "does not warrant a determination that class certification is impossible now". Angi's Motion should be denied.

---

[2] This would be precisely the case with any hypothetical amendment here to restrict, as Angi argues is necessary, the class to only residential subscribers and/or to those who personally placed their numbers of the Do Not Call Registry. Such amendments would narrow, not expand the classes.

### 2.    Angi's attacks on the class definitions are meritless

Though, as explained above, the question is properly left to the certification stage, the "issues" Angi highlights with Plaintiff's pleaded class definitions are not issues at all.

Taking Angi's arguments related to the supposed need for both classes to be limited to only "residential" subscribers, Angi fails to mention that there is a "presumption that wireless subscribers who ask to be put on the national do-not-call list [are] 'residential subscribers'." *Showers*, 2026 U.S. Dist. LEXIS 20276, at *17; *see also Adam v. CHW Grp., Inc.*, No. 21-cv-19-LRR, 2021 U.S. Dist. LEXIS 170620, at *34 (N.D. Iowa Sept. 9, 2021) (denying similar motion to strike class allegations and holding that "at this early stage of the litigation, the court is also not persuaded that the Internal DNC or DNC classes are overbroad based on not knowing whether registered numbers are residential numbers as required by § 227(c) . . . [A] number registered on the national DNC registry is presumed to be a 'residential subscriber' for purposes of the TCPA's do-not-call protections.) (citation omitted); *Lourie v. Papa John's Int'l, Inc.,* No. 1:23-cv-4320-MHC, 2024 U.S. Dist. LEXIS 119679, at *15-16 (N.D. Ga. June 25, 2024) (noting "the TCPA's presumption that wireless subscribers who ask to be put on the national do-not-call list [are] 'residential subscribers'." (citing *Becker v. Pro Custom Solar LLC*, No. 2:19-CV-535-FtM2-9NPM, 2020 U.S. Dist. LEXIS 14310, 2020 WL 474647, at *8 (M.D. Fla. Jan. 29, 2020)); *Laccinole v. Appriss, Inc.*, 453 F. Supp. 3d 499, 505 (D.R.I. 2020) ("Laccinole alleges that Appriss called his cellular telephone, which uses a number registered with the national do-not-call list. This creates the presumption that he is a 'residential subscriber' for purposes of the TCPA's do-not-call protections.) (citing In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14039 (2003)); *Ortega v. Sienna Mktg. & Consulting Inc*., No. 24-cv-487-OLG-ESC, 2026 U.S. Dist. LEXIS 61036, at *9 (W.D. Tex. Mar. 20, 2026) (noting

presumption). Thus, Angi argues for a redundancy—the presumption is that if a number is on the Do Not Call Registry then it is a residential number, so by limiting the class to only those numbers on the Do Not Call Registry, Plaintiff is *already* limiting the class to residential subscribers.

Next, Angi contends—only as to the DNC Class (and not the Caller ID Class)—that the class allegations should be stricken because the class supposedly must be "limited to individuals who personally placed their number on the DNC Registry". (Mot. at 8.) In support, Angi cites to the case of *Rombough v. Robert D. Smith Ins. Agency, Inc.*, 22-cv-15 (N.D. Iowa June 9, 2022). (*See id.*) But *Rombough* has been rejected by courts throughout the country, including here in the District of Colorado. *Tschatschula v. Protect My Car, LLC*, 23-cv-00985-DDD-JPO, 2024 U.S. Dist. LEXIS 66176, at *12-13 (D. Colo. Mar. 6, 2024) ("[T]he only case citing *Rombaugh* finds its reasoning to be 'thoroughly unpersuasive' . . . the Court is similarly not persuaded"); *Binetti*, 2026 U.S. Dist. LEXIS 65158, at *12-13 ("But most courts have resoundingly rejected the holding in *Rombough* as at odds with both the language and the purpose of the statute and implementing regulation. . . This Court is similarly not persuaded by the reasoning in *Rombough* and declines to impose additional pleading requirements beyond those identified in the regulations."); *Callier v. Am.-Amicable Life Ins. Co. of Tex.*, Case No. 22-cv-18-FM, 2022 U.S. Dist. LEXIS 228176, at *13 (W.D. Tex. Oct. 18, 2022) ("*Rombough*'s nitpicky formality is thoroughly unpersuasive."); *Nichols v. eHealthInsurance Servs*, 2025 U.S. Dist. LEXIS 37917, at *3 (N.D. Cal. Mar. 3, 2025) (it is "more consistent with the remedial purpose of the TCPA not to construe an[] additional pleading requirement absent a clear basis in the TCPA or its implementing regulations"); *Abrahamian v. loanDepot.com LLC*, No. 2:23-cv-00728, 2024 U.S. Dist. LEXIS 44009, at *2 (D. Ariz. Mar. 13, 2024) (noting that "as phone numbers change hands, the DNC Registry may not always reflect which consumers requested to be included" but the regulation's

8

use of the term "indefinitely" removed the "ambiguity of which numbers should be protected"); *Murch v. GPS Cap. Markets, LLC*, No. 3:24-CV-01854-SB, 2025 U.S. Dist. LEXIS 169651, at *13 (D. Or. June 6, 2025), *report and recommendation adopted in part, rejected in part*, No. 3:24-CV-01854-SB, 2025 U.S. Dist. LEXIS 190162 (D. Or. Sept. 26, 2025) (declining to follow *Rombough* and rejecting the requirement that a plaintiff must plead they "personally registered the relevant phone number on the DNC registry"); *Clouse v. Loan Depot, LLC*, No. 8:23-CV-2720-CEH-SPF, 2025 U.S. Dist. LEXIS 1382, 2025 WL 36107, at *4 (M.D. Fla. Jan. 6, 2025) (labeling *Rombough* as an "outlier" and rejecting its holding); *Kraemer v. USHealth Advisors, LLC*, 3:24-cv-275-DWD, 2024 U.S. Dist. LEXIS 214456, at *13-14 (S.D. Ill. Nov. 25, 2024) (declining to follow *Rombough*).[3]

In sum, both supposed deficiencies Angi finds to argue that the class allegations should be stricken are not actually deficiencies. Angi argues for requirements which do not exist and its Motion should be denied for this reason as well.

## III.  CONCLUSION

For all of these reasons, Angi's motion to strike the class allegations should be denied and the Court should order such additional relief as it may deem necessary and just.

Dated: May 28, 2026                              **CATHERINE SPOON**, individually and on behalf
                                                             of all others similarly situated,

                                                             By: */s/ Patrick H. Peluso*
                                                             *One of Plaintiff's attorneys*

---

[3] And again, as Judge Gallagher's holding in *Klassen* shows, if the Court ultimately decides to join the minority and adopt *Rombough*, this is still not a reason to strike the class allegations. The Court can simply modify the class definition to reflect this conclusion. *Klassen*, 702 F. Supp. 3d at 1060 (describing order as "GRANTED in miniscule part in that the proposed class definition is slightly modified.")

**PELUSO LAW LLC**
Patrick H. Peluso
865 Albion Street, Suite 250
Denver, CO 80220
Telephone: (720) 805-2008
Facsimile: (720) 336-3663
E-Mail: ppeluso@pelusolawfirm.com

*Counsel for Plaintiff and the Alleged Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on May 28, 2026.

*/s/ Patrick H. Peluso*

## CERTIFICATE RE ARTIFICIAL INTELLIGENCE

The undersigned counsel certifies that generative artificial intelligence was <u>not</u> used to draft this brief.

*/s/ Patrick H. Peluso*