**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00523-NYW-NRN

CATHERINE SPOON, on behalf of herself and all others similarly situated,

　　　　　Plaintiff,

v.

ANGI INC., a Delaware corporation,

　　　　　Defendant.

---

**DEFENDANT ANGI INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

---

Defendant Angi Inc. ("Angi") respectfully submits this Reply in Support of its Motion
to Dismiss (Dkt. No. 19) ("Motion" or "Mot.") pursuant to Federal Rule of Civil Procedure
("Rule") 12(b)(6).

1

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Plaintiff Catherine Spoon's ("Plaintiff") Opposition (Dkt. No. 30) ("Opp") confirms what Angi's Motion demonstrated from the outset: Section 227(c) of the Telephone Consumer Protection Act ("TCPA") does not cover text messages. Rather than meaningfully engage with the statutory text, Plaintiff asks the Court to disregard the language Congress enacted, defer to agency interpretations that no longer control, and follow a collection of pre and post-*McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) decisions that elevate policy concerns over ordinary principles of statutory interpretation. The Court should decline that invitation.

At its core, this dispute presents a straightforward question of statutory interpretation: whether a text message constitutes a "telephone call" for purposes of the private right of action created by 47 U.S.C. § 227(c)(5). The statute answers that question. Congress authorized a private right of action only for the receipt of more than one "telephone *call*" within a twelve-month period. *See* 47 U.S.C. § 227(c)(5) (emphasis added). It did not provide a cause of action for text messages. *Id.*

More importantly, prior decisions that adopted the Federal Communications Commission's ("FCC") interpretation of the TCPA cannot substitute for the independent judicial analysis now required.[1] Applying ordinary principles of statutory interpretation and exercising independent judgment, this Court should find that Section 227(c)(5) does not

---

[1] *See Apodaca v. City of Albuquerque*, No. CIV 24-1240 JB/GBW, 2026 WL 867687, at *6 (D.N.M. Mar. 30, 2026) ("What takes the place of Chevron deference, therefore, is ordinary judicial interpretation of statutes, and courts are free to review and reject statutory interpretations that federal agencies offer.").

cover text messages. Because the text of Section 227(c)(5) confirms that text messages are not "telephone calls" under the TCPA's private right of action, Plaintiff has failed to state a claim upon which relief can be granted.

## II.     ARGUMENT

### A.     Prior FCC Guidance and Pre-*McLaughlin* Decisions Do Not Establish That Section 227(c) Applies to Text Messages.

At the outset, Plaintiff argues that "[t]ext messages have been actionable under the TCPA since at least 2009" and cites to FCC guidance and a collection of district court decisions. Opp. at 3. But that framing sidesteps the point. Plaintiff's cited authorities largely predate or defer to FCC interpretations that no longer govern this Court's analysis after *Loper Bright Enters. v. Raimondo,* 603 U.S. 369 (2024) and *McLaughlin*, and they do not answer the threshold question now squarely presented—whether Section 227(c)(5), by its own text, creates a private right of action for text messages.

Plaintiff's reliance on FCC guidance is particularly misplaced. *See McLaughlin*, 606 U.S. at 155. Whatever force agency interpretation may once have carried, it cannot override the statutory text or relieve this Court of its obligation to independently interpret Section 227(c) under ordinary principles of statutory construction. *See id*. at 155 ("District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation.").

Nor do Plaintiff's citations to older district court decisions resolve the issue. *See* Opp. at 4-5. Many of those cases either: (1) had no occasion to decide the issue or (2) relied heavily on now-nonbinding FCC interpretation.

3

"In the first category, Plaintiff cites cases wherein the issue of whether a text constitutes a "'call'" was not decided." *Irvin v. Sonic Indus. Servs., LLC*, No. 3:25-CV-00242-LMM, 2026 WL 1098403, at *2 (N.D. Ga. Apr. 20, 2026). For example, Plaintiff cites *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 161 (2016), for the proposition that a text message is included in the contemporary definition of the word "call." *Id*. But, as courts have previously noted, in that case the Supreme Court "assumed, but did not decide," that a text message falls into a broader prohibition of "any call" under Section 227(b) because the issue was not disputed. *See Davis v. CVS Pharmacy, Inc.,* 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025); *Campbell-Ewald,* 577 U.S. at 156. Similarly, Plaintiff relies on another circuit court decision holding that unsolicited text messages constitute sufficient injury to confer Article III standing. *See* Opp. at 4 (citing *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023)). However, in none of these decisions did the courts "interpret the statute at all[.]" *Davis*, 797 F. Supp. 3d at 1273.

Courts have rejected attempts where a plaintiff cites to authorities that rely on FCC's interpretation. *Irvin*, 2026 WL 1098403, at *3 ("In the second category, Plaintiff cites various authorities that rely on the FCC's interpretation of the TCPA as applying to text messages."). Each was decided before the Supreme Court's decision in *McLaughlin*, and moreover, each deferred to the same 2003 FCC Order relating to Section 227(b) of the TCPA. *Id*.; *See also Ins. Mktg. Coal. Ltd. v. Fed. Commc'ns Comm'n*, 127 F.4th 303, 307 n.2 (11th Cir. 2025) ("We note that even though the statute on its face does not mention text messages, the FCC—by regulation—has interpreted the word 'call' to include text

messages.")[2]. Thus, each of Plaintiff's cited authorities demonstrates deference to agency interpretation that the Supreme Court in *McLaughlin* expressly rejected after its decision in *Loper Bright*. *See McLaughlin,* 606 U.S. at 155.

In short, Plaintiff's authorities either did not decide the question presented or relied on FCC interpretations that no longer control. They therefore do not establish that Section 227(c) applies to text messages.

**B.      Plaintiff's Reliance on *Campbell-Ewald Co.* and Statutory *Stare Decisis* is Misplaced.**

Next, Plaintiff argues that "*McLaughlin* and *Loper Bright* do not warrant a change to the long-standing conclusion that text messages fall within the purview of the TCPA." Opp. at 5. According to Plaintiff, "*Loper Bright* stated that its holding 'does not call into question prior cases that relied on the *Chevron* framework…[t]he holdings of those cases that specific agency actions are lawful…are still subject to statutory *stare decisis* despite our change in interpretative methodology.'" Opp. at 5-6 (citing *Loper Bright,* 603 U.S. at 412). Plaintiff is wrong.

First, Plaintiff's selective quotation from *Loper Bright* omits the full context of the Supreme Court's statement:

> By [overruling *Chevron*], however, we do not call into question prior cases that relied on the Chevron framework. The holdings of those cases that **specific agency actions** are lawful—including the Clean Air Act holding of Chevron itself—are still subject to statutory stare decisis despite our change in interpretive methodology.

---

[2] *See also Barton v. Temescal Wellness, LLC,* 525 F. Supp. 3d 195, 199 (D. Mass. 2021), adhered to on denial of reconsideration, 541 F. Supp. 3d 138 (D. Mass. 2021) (construing *Barr v. Am. Ass'n of Pol. Consultants, Inc.,* 591 U.S. 610 (2020), as endorsing the FCC's 2003 Order as the "current applicable legal standard").

*Loper Bright*, 603 U.S. at 412 (citations omitted) (emphasis added).

"[T]he 'specific agency actions' that were not to be disturbed following *Loper Bright,* i.e., those subject to 'statutory stare decisis,' are construed narrowly." *Ctr. for Biological Diversity v. United States Fish & Wildlife Serv.,* 801 F. Supp. 3d 1151, 1178 (D. Mont. 2025). Indeed, the Ninth Circuit recently affirmed that "given Loper Bright's clear instruction," deference is maintained only for the "***specific*** agency actions" previously upheld. *Murillo-Chavez v. Bondi,* 128 F.4th 1076, 1087 (9th Cir. 2025) (emphasis in original).

But the "specific agency action" deferred to in *Campbell-Ewald Co.* addressed a completely different section of the TCPA (Section 227(b)). *See Campbell-Ewald Co.,* 577 U.S. at 156 ("A text message to a cellular telephone, it is undisputed, qualifies as a "'call'" ***within the compass of § 227(b)(1)(A)(iii))*** (emphasis added).

Neither the FCC's 2003 Order, nor *Campbell-Ewald Co.*, interpreted the phrase "telephone call" in Section 227(c)(5), which is presently at issue.

> [T]he 2003 Order was only addressing text messages sent using an automatic telephone dialing system or an artificial or prerecorded message, and, thus, the 2003 Order does not even address the specific provisions of the TCPA and its regulations at issue in this case. … The Plaintiffs' approach is problematic. First, on its face and as just detailed, the 2003 Order explicitly references only Section 227(b). Second, the portions of the FCC's later Orders the Plaintiffs discuss refer back to the 2003 Order which cites only Section 227(b) and themselves fail to include citation to Section 227(c). … Again, the 2003 Order addressed only Section 227(b).

*Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 901 (C.D. Ill. 2025*); see also Davis,* 797 F. Supp. 3d at 1273 ("That statute [Section 227(b)(1)] does not include the term 'telephone call.' In sum, none of these cases holds—or even suggests—that a text message is a 'telephone call' for purposes of § 227(c)(5).").

Plaintiff relies too heavily on *Campbell-Ewald Co*. Even assuming statutory *stare decisis* applied at the Circuit court level,[3] the specific agency action and "precise language" at issue in *Campbell-Ewald Co*. was limited to only Section 227(b). *See Campbell-Ewald Co.,* 577 U.S. at 156. Thus, the issues in *Campbell-Ewald Co.* are distinguishable from the question raised now.

Broadening the *Chevron* deference granted in *Campbell-Ewald Co*. to Section 227(c)(5) is also inappropriate for a second, though related, reason: the term "telephone call" is unambiguous in the first place. The Tenth Circuit has repeatedly recognized, even when *Chevron* deference applied, it applied only if the statutory term was ambiguous. *See Am. Fed'n of Gov't Emps., Loc. 1592 v. Fed. Lab. Rels. Auth.*, 836 F.3d 1291, 1295 (10th Cir. 2016) (stating that if a statute is unambiguous, "we must apply the unambiguous meaning of the statute").

To this end, it bears noting again that Plaintiff not once in her Opposition even suggests that a text message is a "telephone call" in any ordinary sense of the word. Nor can she plausibly argue as much. *See also Davis,* 797 F. Supp. 3d at 1273 ("Certainly, no ordinary person would think of a text message as a "***telephone*** call." This conclusion—supported by the ordinary public meaning at the time of the provision's enactment—is enough to end this case.") (emphasis in original). *Campbell-Ewald Co.* should not be broadened to encompass a different term used in a different section of the TCPA, as "[a]ny broader reading [] would absurdly perpetuate *Chevron* deference in defiance of *Loper Bright*'s central holding." *Ctr. for Biological Diversity*, 801 F. Supp. 3d at 1178.

---

[3] *See generally* Amy Coney Barrett, STATUTORY STARE DECISIS IN THE COURT OF APPEALS, 73 Geo. Wash. L. Rev. 317, 318 (2005) (discussing history and application of statutory stare decisis at Circuit court level).

**C.      Courts Are Divided on the Issue, and the Better-Reasoned Authority**

**Holds that Text Messages Are Not "Calls" Under Section 227(c).**

Courts across the country addressing whether Section 227(c)(5) encompasses text messages have not reached uniform agreement, and Plaintiff's attempt to characterize the case law as one-sided is incorrect. *See* Opp. at 8-10. To the contrary, the authorities are meaningfully divided, and the decisions most faithful to the statutory text and post-*Loper Bright* interpretive framework correctly conclude that the private right of action is limited to "telephone calls," not text messages. *See Davis*, 797 F. Supp. 3d at 1273; *Jones,* 792 F. Supp. 3d at 900–01; *Sayed v. Naturopathica Holistic Health, Inc*., No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025).

Importantly, the split in authority reflects a deeper methodological divide. Decisions extending Section 227(c)(5) to text messages typically rely on pre-*McLaughlin* assumptions, FCC interpretations that are no longer controlling, or broad policy reasoning that treats functional equivalence as a substitute for statutory analysis. By contrast, the more recent and more textually grounded decisions apply ordinary principles of statutory interpretation and recognize that Congress chose to limit Section 227(c)(5) to "telephone calls," a term that cannot be expanded by judicial or administrative gloss. *See Irvin,* 2026 WL 1098403, at *5 (applying ordinary principles of statutory interpretation after *Loper Bright* and *McLaughlin* and holding that § 227(c)(5)'s private right of action is limited to "telephone calls" and does not extend to text messages).

Those courts adopting the narrower reading have correctly emphasized that statutory text—not regulatory history or perceived technological updates—controls the scope of a private right of action. Where Congress has spoken in clear terms, courts may

not extend liability based on evolving communications practices or generalized references to TCPA "purpose." *Sayed*, 2025 WL 2997759, at *1 (emphasizing ordinary meaning of "telephone call" and rejecting purposive expansion). That principle is especially critical in the context of Section 227(c)(5), which creates a private cause of action and therefore must be strictly construed according to its express terms.

Accordingly, even accepting Plaintiff's characterization of the case law as divided, that fact only underscores why dismissal is appropriate here. The existence of competing authority confirms that the issue is unsettled; it does not relieve this Court of its obligation to interpret the statute independently. *Stockdale v. Skymount Prop. Grp., LLC*, No. 25 CV 1282, 2026 WL 591842, at *4 (N.D. Ohio Mar. 3, 2026) (holding even though there is no uniform agreement among the courts, section 227(c)(5) of the TCPA does not create a private right of action for text messages because the statute applies only to "telephone calls"). And when that independent analysis is applied, the better-reasoned view is clear: Section 227(c)(5) authorizes claims for "telephone calls," and does not extend to text messages. *Id*.

**D.    Plaintiff's Policy Argument Cannot Override the Plain Text of Section 227(c)(5).**

Lastly, Plaintiff argues that the plain text of the statute should be read "in context" and cites several pages from *Rabbitt v. Rohrman Midwest Motors, Inc.*, No. 25 C 11312, 2026 WL 851279, at *2 (N.D. Ill. Mar. 27, 2026). *See* Opp. at 10-12. However, *Rabbitt* is neither binding on this Court nor persuasive because it effectively rewrites Section 227(c)(5)'s text in service of a perceived statutory purpose.

In any event, "policy considerations do not permit courts to stray from the best reading of a statute, as written." *Richards v. Shein Distribution Corp.,* No. 1:25-CV-01385-TWP-TAB, 2026 WL 847584, at \*4 (S.D. Ind. Mar. 26, 2026); *see also Facebook, Inc. v. Duguid,* 592 U.S. 395, 409 (2021) ("[Plaintiff's] quarrel is with Congress, which did not define [the term at issue] as malleably as he would have liked. 'Senescent' as a number generator (and perhaps the TCPA itself) may be, that is no justification for eschewing the best reading of [the statute].").[4]

The statute does not ask courts to enforce an abstract policy against unwanted communications. It creates a defined private right of action tied to specific conduct: receipt of multiple "telephone calls." *See* 47 U.S.C. 227(c). Courts may not expand that private right of action based on generalized assertions about congressional intent or technological evolution. *See Richards*, 2026 WL 847584, at \*5 ("It is not for a court to legislate by reading into the TCPA something that is not there.") (quoting *Jones,* 792 F. Supp. 3d at \*901). "It is for Congress to respond to the issues presented in this case and to address the realities of today's technology (and the intrusions caused therefrom) which is commonplace in American life in 202[6]. The Court confines itself to its assigned role which does not include legislating." *Id.; see also Stockdale,* 2026 WL 591842, at \*4 ("[I]t is for Congress—not this Court—to fill those gaps in the wake of *Chevron's* reversal.").

Plaintiff also invokes legislative purpose, but purpose cannot displace text. The Supreme Court has repeatedly cautioned that statutory interpretation begins—and often

---

[4] *See also Wisconsin Cent. Ltd v. United States*, 585 U.S. 274, 284 (2018) ("Congress alone has the institutional competence, democratic legitimacy, and (most importantly) constitutional authority to revise statutes in light of new social problems and preferences. Until it exercises that power, the people may rely on the original meaning of the written law.").

ends—with the statutory language itself. *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 654 (2020) ("Court normally interprets a statute in accord with the ordinary public meaning of its terms at the time of its enactment.").[5] Where Congress chose the term "telephone call" in § 227(c)(5), courts are not at liberty to rewrite it to mean "call or text message." *Jones*, 792 F. Supp. 3d at 902 (reasoning that text messaging did not exist in 1991 and that in ordinary American usage a telephone call is different from a text message and further stating that any expansion of the statute should come from Congress, not the courts).

Nor does statutory "coherence" require Plaintiff's result. Congress has amended other portions of the TCPA to expressly include text messages where it intended to do so.[6] Its decision not to amend Section 227(c)(5) confirms, rather than contradicts, the conclusion that Section 227(c)(5) does not cover text messages.[7]

III.    **CONCLUSION**

For the foregoing reasons and those stated in the Motion to Dismiss, Angi respectfully requests this Court to dismiss Plaintiff's First Amended Complaint.

---

[5] *See also Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 89 (2017) ("while it is of course our job to apply faithfully the law Congress has written, it is never our job to rewrite a constitutionally valid statutory text under the banner of speculation about what Congress might have done had it faced a question that, on everyone's account, it never faced."); *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete.").

[6] *See Dilanyan v. Hugo Boss Fashions, Inc.*, No. 2:25-CV-05093-JLS-BFM, 2025 WL 3549868, at *2 (C.D. Cal. Dec. 3, 2025) ("That Congress updated § 227(e) to include text messages in addition to calls, but has not similarly amended § 227(c)(5), suggests that Congress views a text message as a distinct form of communication to which § 227(c)(5)'s private right of action does not apply.")

[7] *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.").

Dated: June 11, 2026

**TROUTMAN AMIN, LLP**

By: */s/ Brittany Andres*

Eric J. Troutman
Puja Amin
Brittany A. Andres
400 Spectrum Center Drive, Suite 1450
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (949) 203-8689
E-mail: troutman@troutmanamin.com
E-mail: amin@troutmanamin.com
E-mail: brittany@troutmanamin.com

*Counsel for Defendant Angi Inc.*

## CERTIFICATION

I hereby certify that on June 11, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Brittany A. Andres*
Brittany A. Andres

## <u>CERTIFICATIONS</u>

In accordance with the District of Colorado Local Civil Rule 17, I hereby certify that this memorandum contains 3,404 words, in compliance with the Local Civil Rules.

In accordance with The Honorable Nina Y. Wang's Standing Order, I hereby certify that generative artificial intelligence was not used to draft this filing.

*/s/ Brittany A. Andres*

Brittany A. Andres
