IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-00523-NYW-NRN

CATHERINE SPOON, on behalf of herself and all others similarly situated,

      Plaintiff,

v.

ANGI INC., a Delaware corporation,

      Defendant.

---

## DEFENDANT ANGI INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS

---

Defendant Angi Inc. ("Angi") respectfully submits this Reply in Support of its Motion to Strike Class Allegations (Dkt. No. 20) ("Motion" or "Mot.") pursuant to Federal Rules of Civil Procedure 12(f), and 23.

### MEMORANDUM OF LAW

### I.    <u>INTRODUCTION</u>

Plaintiff Catherine Spoon's ("Plaintiff") Opposition (Dkt. No. 31) ("Opp") confirms the very defects identified in Angi's Motion. Rather than demonstrate that her proposed classes satisfy Federal Rule of Civil Procedure ("Rule") 23, Plaintiff asks the Court to disregard fundamental flaws in the class definitions and defer such issues until a later stage of the case. But Rule 23 provides that courts should resolve class certification issues "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Since the defects are

1

apparent from the pleadings themselves, the Court should strike the class allegations now. Plaintiff's Opposition advances three primary arguments, but none are persuasive.

First, Plaintiff argues that Angi's Motion is premature and that any challenge to the proposed classes should wait until the class certification stage. *See* Opp. at 4–6. But that flies directly in the face of Rule 23, and courts throughout the Tenth Circuit routinely strike class allegations at the pleading stage.

Second, Plaintiff attempts to salvage her overbroad DNCR and Caller ID classes by arguing that cellular telephone numbers listed on the DNCR are presumed to belong to "residential subscribers." *See* Opp. at 7. But that presumption rests on Federal Communications Commission ("FCC") guidance that no longer carries controlling force after *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025) and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 410 (2024) (overruling *Chevron* deference).

Third, Plaintiff contends that her DNCR class is not overbroad because consumers need not personally register their telephone numbers on the DNCR to assert a claim. *See* Opp. at 8. In doing so, Plaintiff dismisses the reasoning of *Rombough v. Robert D. Smith Insurance Agency, Inc.,* No. 22-CV-15-CJW-MAR, 2022 WL 2713278 (N.D. Iowa June 9, 2022). But Plaintiff ignores the plain text of the statute which defines "a residential telephone subscriber" as one "***who has registered his or her telephone number on the national do-not-call registry.***" 47 C.F.R. § 64.1200(c)(2) (emphasis added).

Because the deficiencies in the proposed class definitions are apparent on the face of the pleadings and cannot be remedied through discovery, the Court should strike Plaintiff's class allegations.

II.     **ARGUMENT**

A.      **The Motion is Not Premature and Tenth Circuit Authority Confirms Courts May Strike Class Allegations at the Pleading Stage.**

Rather than address Angi's arguments head on, Plaintiff instead attempts to manufacture a procedural obstacle where none exists. *See* Opp. at 4-6. According to Plaintiff, the Court should postpone consideration of Angi's motion until *after* discovery and certification. *Id.* That argument is contrary to both Rule 23 and pertinent authority.

There is no prohibition against striking class allegations at the pleading stage. To the contrary, Rule 23 expressly contemplates that class action issues should be resolved at "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Consistent with that directive, courts routinely strike facially defective class allegations *before* the parties incur the substantial expense of class discovery and certification proceedings. *See Gomez v. Kroll Factual Data, Inc.*, No. 13-CV-0445-WJM-KMT, 2014 WL 2206966, at *1 (D. Colo. May 28, 2014) (striking class allegations even at the pleading stage where the plaintiff argued motion was premature because discovery had not commenced after the court determined that the class could not be certified and additional discovery "would be fruitless").

Courts within the Tenth Circuit have repeatedly recognized that when the defects in a proposed class are apparent from the face of the complaint, those defects should be addressed immediately—not deferred. *See Faulhaber v. Petzl Am., Inc.*, 656 F. Supp. 3d 1257, 1271 (D. Colo. 2023) ("district courts 'are permitted to make such determinations on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained.'") (quoting *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023)); *Blanton v. United Healthcare Servs., Inc.*, No. 24-CV-484-SMD-JMR,

2025 WL 2636381, at *10 (D.N.M. Sept. 12, 2025) ("Although courts typically assess the viability of class claims at the certification stage, district courts 'are permitted to make such determinations on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained.'")[1].

Unsurprisingly, motions to strike the class are routinely granted at the pleadings stage where, as here, the defects are apparent on the face of the pleadings. *See Edwards v. Zenimax Media Inc.*, No. 12-CV-00411-WYD-KLM, 2012 WL 4378219, at *6 (D. Colo. Sept. 25, 2012) (granting motion to strike where the class definition was overbroad); *Gilbert v. United States Olympic Comm.*, 423 F.Supp.3d 1112, 1155 (D. Colo. 2019) (adopting recommendation of Magistrate Judge Hegarty, which relied on *Edwards*, to strike class allegations when the proposed class definition was overbroad)[2].

Plaintiff's modification argument fares no better. *See* Opp. at 4-6. Plaintiff contends that Angi's motion is premature because courts possess the authority to modify class definitions "at any time prior to judgment". Opp. at 4 (quoting *Ramos v. Banner Health,* No. 15-CV-2556-WJM-NRN, 2019 WL 646082, at *1 (D. Colo. Jan. 29, 2019)). But just because courts may possess that authority does not immunize defective class allegations from scrutiny at the pleading stage.

The question before the Court is not whether class definitions may sometimes be refined as a case develops. Of course they may. The question is whether Plaintiff may

---

[1] *Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298, at *3 (D. Colo. Dec. 4, 2024) (stating same and that "Rule 23(c)(1)(A) says that the district court should decide whether to certify a class '[a]t an early practicable time' in the litigation, and nothing in the rules says that the court must await a motion by the plaintiffs.").

[2] *Ramsay v. Frontier, Inc.*, No. 19-CV-03544-CMA-NRN, 2020 WL 4557545, at *25 (D. Colo. July 30, 2020), report and recommendation adopted, No. 19-CV-03544-CMA-NRN, 2021 WL 651021 (D. Colo. Feb. 19, 2021) (same).

proceed on facially defective class definitions merely because they might later be rewritten. The answer is no. *See Fisher v. Ciba Specialty Chemicals Corp.,* 238 F.R.D. 273, 300 (S.D. Ala. 2006) ("The Court does not read the line of authority referenced above as obligating it unilaterally to expand a class definition in a manner that might prove more advantageous to plaintiffs. Having selected and litigated the class definition of their choice, plaintiffs must live with that choice"). If it were otherwise, motions to strike class allegations would never be appropriate, as every plaintiff could avoid dismissal by speculating that a future amendment or judicial modification might cure an otherwise deficient class definition.

Courts do not permit plaintiffs to proceed on that basis. While district courts retain discretion to modify class definitions when subsequent developments reveal that a class can be narrowed or clarified, that discretion does not require courts to overlook defects that are apparent from the face of the complaint. *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (stating "where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings"). To the contrary, where a proposed class is overbroad, includes uninjured persons, or otherwise cannot satisfy Rule 23 as pleaded, courts strike the class allegations at the outset rather than permit expensive and unnecessary class discovery in the hope that a viable class might eventually emerge. *See Collins v. Gamestop Corp.*, No. C10-1210-TEH, 2010 WL 3077671, at *2 (N.D. Cal. Aug. 6, 2010) ("[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim") (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

Indeed, Plaintiff implicitly acknowledges that the classes as currently pleaded are defective and overly broad. But Plaintiff cannot shift to the Court the burden of rewriting its class definitions. *See In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, No. 05 C 2623, 2007 WL 4287511, at *5 (N.D. Ill. Dec. 4, 2007) ("it is not the court's role to fashion plaintiffs' class definitions for them where the original proposed class is so problematic").[3] It is Plaintiff's obligation to plead a certifiable class in the first instance. The possibility that a different class definition could be crafted later is not a basis to preserve defective class allegations now.

As such, Plaintiff's reliance on the Court's authority to modify class definitions does not undermine Angi's motion. If anything, it confirms that Plaintiff's classes are overbroad.

B.       **Plaintiff Incorrectly Asserts that the Classes Are Limited to Residential Telephone Subscribers.**

Plaintiff's proposed classes are independently defective because they are not properly limited to "residential telephone subscribers." *See* Mot. at 7.

In opposition, Plaintiff argues that the class is not overbroad because it is limited to wireless subscribers, and "a wireless subscriber user whose phone number is on the DNC list is presumed to be a 'residential subscriber.'" *See* Opp. at 7 (citing *Showers v. Pelican Inv. Holdings Grp., LLC*, Case No. 3:23-CV-02854-NJR, 2026 U.S. Dist. LEXIS 20276, at *17 (S.D. Ill. Jan. 30, 2026) and *In re Rules & Regulations Implementing the*

---

[3] *See also Humphrey v. International Paper*, No. 02 C 4147, 2003 WL 22111093, at *5 (N.D. Ill. Sept. 11, 2003) (denying class certification and remarking that, where proposed class definition was "seriously inadequate," court had "great reluctance to do major surgery on proposed class definitions that are so far from the mark as those offered by the plaintiffs").

*Tel. Consumer Prot. Act of 1991* ("2003 FCC Order") 18 F.C.C. Rcd. 14014, 14039 (2003)). But Plaintiff's argument fails for several reasons.

As an initial matter, a presumption is not a substitute for a class definition that is properly tailored to the statutory requirements. The Telephone Consumer Protection Act's ("TCPA") DNC provisions protect "residential telephone subscribers," not all wireless subscribers whose numbers happen to appear on the National DNCR. *Cunningham v. Politi*, No. 418CV00362ALMCAN, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019), report and recommendation adopted, No. 4:18-CV-362, 2019 WL 2526536 (E.D. Tex. June 19, 2019) (holding that courts have found that calls to cellular telephones fail to satisfy the "residential telephone subscriber" element of the TCPA's DNC provisions). Plaintiff's proposed classes, however, contain no limitation requiring that class members be residential subscribers. *See* FAC ¶ 34. Indeed, the classes sweep in all wireless users, including individuals who use their cellular numbers primarily for business purposes and therefore fall outside the scope of the statute. *Id.* The class is overbroad on its face.

More importantly, Plaintiff's reliance on FCC guidance overlooks recent Supreme Court authority in *McLaughlin.* In *McLaughlin,* the Supreme Court emphasized that courts—not administrative agencies—must independently determine the meaning of statutory terms relevant to TCPA claims. *McLaughlin*, 606 U.S. at 152. Likewise, in *Loper Bright Enterprises*, the Supreme Court made clear that courts may not defer to agency interpretations simply because a statute is ambiguous. *Loper Bright Enters.*, 603 U.S. at *410. Whether a cellular telephone subscriber qualifies as a "residential subscriber" is therefore a determination for the Court to make based on the governing statute, not an issue resolved by reference to an FCC presumption.

Therefore, *McLaughlin* confirms that this Court must independently determine whether the statutory phrase "residential telephone subscriber" encompasses cell phone users as Plaintiff assumes. Plaintiff's attempt to short-circuit that inquiry by invoking regulatory language and pre-*McLaughlin* authority is therefore unavailing. *See* Opp. at 7-8.

Given the mandate from *Loper Bright* and *McLaughlin,* this Court must directly determine whether a cell phone is a residential line. After conducting an independent analysis as instructed by Loper Bright and McLaughlin, a presumption that the statutory phrase "residential telephone subscriber" encompasses cell phone user is not warranted. Accordingly, Plaintiffs classes are overbroad because they include individuals who lack viable claims, including where the calls or texts were directed to business lines or non-residential cellular numbers.

C.    **Plaintiff Ignores the Plain Language of the Statute that Requires Individuals to Personally Register Their Phone Numbers on the DNCR**.

Lastly, Plaintiff's DNCR class is facially overbroad because the class definition necessarily includes individuals who did not personally register their phone numbers on the DNCR. *See* Mot. at 8-9.

In opposition, Plaintiff argues that Angi's reliance on *Rombough* is misplaced since other courts have purportedly rejected its reasoning. *See* Opp at 8-9. But Plaintiff's authorities don't support a conclusion that registry protections apply absent the current user's own affirmative registration of the number.

For example, Plaintiff relies on *Tschatschula v. Protect My Car, LLC*, No. 23-cv-00985-DDD-JPO, 2024 WL 1509162, at *5 (D. Colo. Mar. 6, 2024). *See* Opp. at 8.

*Tschatschula,* however, addressed the narrow issue of whether a telephone number previously registered by an earlier subscriber retained National DNCR status after reassignment. *Tschatschula*, 2024 WL 1509162, at *5. The court did not hold that registry protections apply absent the current user's own affirmative registration of the number. *Id*. Accordingly, *Tschatschula* does not support Plaintiff's attempt to bypass the statutory requirement that a plaintiff personally place their telephone number on the Registry.[4]

The starting—and ending—point is the text. Section 64.1200(c)(2) prohibits certain calls to "a residential telephone subscriber **who has registered his or her telephone number on the national do-not-call registry.**" 47 C.F.R. § 64.1200(c)(2) (emphasis added). The regulation does not refer to a telephone number that was registered by someone at some point in the past. Nor does it extend protection to any person who later acquires or uses a registered number. Instead, it expressly ties the protection to the residential subscriber who registered the number. *See* 47 C.F.R. § 64.1200(c)(2).

*Rombough* correctly recognized that this language is clear and unambiguous. *See Rombough*, 2022 WL 2713278, at *2 (stating Section 64.1200(c) is unambiguous). Where the text is unambiguous, courts must apply it as written. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) (Where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'") (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). Where the words used are unambiguous, no further analysis of intent or impact is necessary or appropriate. *See Ceco Concrete Const., LLC v. Centennial State Carpenters Pension Tr.*, 821 F.3d 1250, 1258 (10th Cir.

---

[4] In any event, *Tschatschula* is not binding on this Court. *See Camreta v. Greene,* 563 U.S. 692, 708 n.7 (2011) ("A decision of a federal district court judge is not binding precedent.").

2016) ("If the language is plain and unambiguous, 'our inquiry must cease and the plain meaning of the statute controls.'") (quoting *Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 764 F.3d 1199, 1225 (10th Cir. 2014)).

Plaintiff never meaningfully engages with this text. Nor does she dispute that the regulation refers to a subscriber who "has registered" his or her telephone number. Instead, she asks the Court to disregard that language and treat registration by any prior subscriber as sufficient. The Court should decline that invitation.

Notably, other courts have recognized the significance of this distinction. In *Klassen v. Solid Quote LLC,* the court modified the proposed class definition to require that "the person's telephone number was registered by the person on the National Do-Not-Call Registry." 702 F. Supp. 3d 1052, 1059 (D. Colo. 2023). The modification was not accidental; it reflected the court's recognition that the identity of the registrant matters.

Ultimately, Plaintiff's position asks the Court to rewrite the regulation by deleting the phrase "who has registered his or her telephone number." The Court should not do so. Because Plaintiff's proposed DNCR Class includes individuals who did not personally register their telephone numbers on the DNCR, the class is facially overbroad and cannot be certified as presently defined.

## III.    <u>CONCLUSION</u>

For the foregoing reasons and those stated in the Motion to Strike Class Allegations, Angi respectfully requests this Court to strike Plaintiff's class allegations in the First Amended Complaint.

Dated: June 11, 2026

**TROUTMAN AMIN, LLP**

By: */s/ Brittany Andres*

Eric J. Troutman
Puja Amin
Brittany A. Andres
400 Spectrum Center Drive, Suite 1450
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (949) 203-8689
E-mail: troutman@troutmanamin.com
E-mail: amin@troutmanamin.com
E-mail: brittany@troutmanamin.com

*Counsel for Defendant Angi Inc.*

## <u>CERTIFICATION</u>

I hereby certify that on June 11, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Brittany A. Andres*

Brittany A. Andres

**<u>CERTIFICATIONS</u>**

In accordance with the District of Colorado Local Civil Rule 17, I hereby certify that this memorandum contains 2,831 words, in compliance with the Local Civil Rules.

In accordance with The Honorable Nina Y. Wang's Standing Order, I hereby certify that generative artificial intelligence was not used to draft this filing.

*/s/ Brittany A. Andres*

Brittany A. Andres
